AGENJO ET AL., PLAINTIFFS AND APPELLEES, *v.* SANTIAGO ET AL., DEFENDANTS AND APPELLANTS.

Appeal from the District Court of Ponce in an Action for Nullity and Ejectment—Change of Venue.

No. 1550.—Decided June 25, 1917.

VENUE—AFFIDAVIT OF MERITS—DEFENSE—ADVICE OF ATTORNEY.—The affidavit of merits referred to in section 82 of the Code of Civil Procedure to be filed with a motion for a change of venue must contain the following allegations: That the mover has stated the case fully and fairly to his attorney; that he has been advised by his attorney that he has a good and substantial defense on the merits; and that he believes that he has such a defense.

ID.—JURISDICTION—PROCEDURE.—According to the provisions of sections 75, 81 and 82 of the Code of Civil Procedure, in the absence of any constitutional provision limiting the jurisdiction of the trial court to the district in which the property is situated, the question is not a matter of jurisdiction, but purely and simply one of procedure involving nothing beyond a determination as to which of two districts, in the circumstances of a particular case viewed in the light of the said provisions, is the proper "place of trial."

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant González Padín.

*Mr. Manuel Tous Soto* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Sections 75, 81 and 82, Title V, of the Code of Civil Procedure, which treats "of the place of trial of civil actions," in so far as pertinent to any question involved herein, read as follows:

"Sec. 75.—Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.  *  *  *.

"Sec. 81.—In all other cases, the action must be tried in the district in which the defendants, or some of them, reside at the commencement of the action;  *  *  *.

"Sec. 82.—If the district in which the action is commenced is not the proper district for the trial thereof, the action may, notwithstand-

ing, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district.''

In 1912 Anselmo González Padín bought at a judicial sale ordered by the Municipal Court of San Lorenzo, in an action entitled ''Francisco Rincón *v.* Succession of Fabián Agenjo,'' a certain house in the town of San Lorenzo.

In 1915, a suit was brought against González Padín and others in the District Court of Ponce, with a prayer for judgment (*a*) setting aside the judgment and the proceedings posterior to the filing of the complaint in the action of debt brought by Francisco Rincón against the Succession of Fabián Agenjo in the Municipal Court of San Lorenzo; (*b*) holding that the sale made in the said action to Anselmo González Padín by the marshal of the Municipal Court of San Lorenzo was ineffective to transfer the ownership of the real property described in this complaint; (*c*) adjudging that Anselmo González Padín return the house referred to in this complaint to the minor plaintiffs, pay to the plaintiffs the sum of $1,800 as the income from said real property to date and account to the said plaintiffs for the income from the property from this date forward; (*d*) imposing upon the defendants the costs, disbursements and attorney fees incurred by the plaintiffs.

González Padín appeals from an order overruling a motion for a change of venue accompanied by an affidavit of merits subscribed by him, setting forth:

''I. That he is one of the defendants in this action;

''II. That the summons in this action was served on him on June 16, 1916, in his residence at No. 29 Park Street, San Juan, P. R.

''III. That the mover lives and has his domicile in this city;

''IV. That Juana Santiago Rosa and her son, Félix Fabián Agenjo Santiago, also live and have their domicile in this city of San Juan;

''V. That defendant Francisco Rincón Plumey resides in San Lorenzo;

''VI. That the facts stated are true of his own knowledge.''

Error is assigned as follows:

"The district court erred in not holding that in moving for change of venue the defendant conformed to the statutory provisions, basing its ruling on the cases at 16 P. R. R. 410, and 17 P. R. R. 244.

"The District Court of Ponce erred in refusing to grant the change of venue on the grounds stated by it instead of holding that in this case such affidavit was not necessary."

Appellant seeks to distinguish the cases cited by the district court upon the ground that in each instance the action was personal, while in the case at bar it is mixed, and insists that the jurisdictional defects appearing from the complaint itself and from the motion, if they do not render an affidavit of merits entirely superfluous, at least suffice, together with the filing of a demurrer and the facts stated in the affidavit, to relieve affiant from the necessity of a more formal compliance with the statute.

But the statutory requirement of an affidavit of merits is couched in the conjunctive, not in the alternative, and draws no distinction between real and personal actions. Although it has been held, as pointed out by appellant, that such provisions should be liberally construed in favor of the remedy and that a substantial compliance is enough, no court, so far as we know, has yet held that an affidavit containing no reference whatever to the existence of any defense is sufficient.

"The affidavit of merits must contain certain allegations, namely, that the applicant has fully and fairly stated the case to his counsel, that he has been advised by his counsel that he had a good and substantial defense on the merits, and that he believes that he has such a defense." 40 Cyc. 158.

See also 1 Sutherland, 597, §995.

Appellant's second proposition is based on the cases of *Fritts* v. *Camp*, 94 Cal. 393, and *Urton* v. *Woolsey*, 87 Cal. 38, but, as pointed out in 40 Cyc. at page 43, note 83, "the result in these cases was due to a constitutional provision limiting the jurisdiction of the trial court in certain actions

affecting real estate to the county in which the real estate is situated."

Under our statute, in the absence of any such constitutional provision and as indicated by the heading of Title V, *supra,* the question is not a matter of jurisdiction but purely and simply one of procedure involving nothing beyond a determination as to which of two districts, in the circumstances of a particular case viewed in the light of the provisions first above quoted, is the proper "place of trial."

"It is characteristic of the modern doctrine of venue that its test for the proper place of trial tends to become personal rather than territorial. The trend of modern authority is toward the proposition that an action is properly brought wherever the trial court has jurisdiction over the person of defendant and can award adequate relief in proceedings against him personally. * * *.

"If the question is whether an action is transitory or local as between counties of the same State, the localizing of the action in some particular county is a restriction of convenience merely, even when it nominally goes to the jurisdiction of the trial court. The rules of venue in such a case are essentially rules of procedure. * * *.

"The whole doctrine of municipal venue is broadly distinguished from the doctrine of interstate venue in that the latter turns on a question of territorial limitation of jurisdiction, but municipal venue is concerned only with rules of procedure. * * *.

"Another marked difference between municipal venue and interstate venue lies in the fact that while the tests for the latter are to be found almost exclusively in the decisions of the courts, the tests of municipal venue, in almost every State, must now be sought principally in the statute books. * * *.

"Another important characteristic of municipal venue, resulting from its procedural nature, is that no domestic cause is necessarily local, although the arbitrary force of a statute may impose a local character upon any domestic cause. * * *.

"Accordingly under the settled rules of municipal venue in the later common law, a local cause was not necessarily to be tried in the county in which the land was situated. By consent of the parties, and with leave of the court the trial might be had in any other county or place that was more convenient. * * *.

"The same principle has been widely recognized in the statutory systems of venue prevailing in America. The doctrine is frequently

ascribed to an early statute, repeated in a number of States, which provides that if the county where the action is commenced is not the proper county for the trial, the action may notwithstanding be tried there, unless defendant, within a limited time, demands that the trial be had in the proper county. The effect of this enactment, it has been declared, is to give the trial court of every county 'a kind of incipient jurisdiction throughout the State, and, with the assent of the parties, the power to hear and determine all such actions, without regard to the nature of the controversy or the residence of the litigants.' And, as part of this doctrine, it is held also that there may be an implied assent to this incipient jurisdiction, through defendant's failure to object in the manner and within the time fixed by the statute. A similar view of the nature of local venue—that it is a personal privilege—has been reached in some States without this special aid. On general principles, and construing the statutes of venue as a whole, the courts have repeatedly held that enactments which fix the venue of a domestic cause in the county in which the subject of action is situated, although perhaps imperative in their terms, are neither jurisdictional nor mandatory, but give to the party, even when sued for real estate, the privilege of having the litigation conducted in the county in which the land lies. The result is often in seeming conflict with the letter of the statute. Its *ratio decidendi*, however, is that statutes of venue regulate, not the jurisdiction of the courts, but only their procedure. As respects jurisdiction of the subject-matter, the question is not whether a particular parcel of land lies within the territorial district assigned to the trial court, but whether this court is vested with the right to hear and determine the general subject involved in the action. If a court has the right to try title to land, the fact that the particular land in suit lies within another county of the State does indeed give defendant a right to object, but his objection is grounded in a personal privilege." 40 Cyc., pages 24, 28, 39, 40, 41, 42, 43.

See also *Hernaiz, Targa & Co.* v. *Vivas,* 20 P. R. R. 99.
The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.