## AGENJO ET AL., DEMANDANTES Y APELADOS, v. SANTIAGO ET· AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en procedimiento sobre nulidad de actuaciones, inexistencia de contrato y reivindicación de inmueble: Traslado del pleito.

No. 1550.—Resuelto en junio 25, 1917.

TRASLADO DE PLEITOS—LUGAR PARA LA CELEBRACIÓN DEL JUICIO—AFFIDAVIT DE MÉRITOS—ALEGACIONES QUE DEBE CONTENER.—La declaración jurada o *affidavit* de méritos a que se refiere el artículo 82 del Código de Enjuiciamiento Civil para que un juicio se celebre en el distrito correspondiente, debe contener las siguientes alegaciones: que el solicitante ha expresado entera y razonablemente el caso al abogado, que ha sido informado por su abogado que tiene una buena y sustancial defensa sobre los méritos, y que cree que tiene tal defensa.

JURISDICCIÓN — CUESTIONES DE PROCEDIMIENTO. — De acuerdo con el Código de Enjuiciamiento Civil, artículos 75, 81 y 82, Título V, a falta de precepto constitucional que limite la jurisdicción de la corte sentenciadora al distrito en que la propiedad radica, la cuestión no es asunto de jurisdicción sino pura y simplemente de procedimiento que no envuelve nada que no sea el determinar cuál de dos distritos, dadas las circunstancias de un caso determinado, considerado a la luz de dichos preceptos, es el debido ''lugar para la celebración del juicio.''

Los hechos están expresados en la opinión.

Abogado del apelante Anselmo González Padín: *Sr. José de Guzmán Benítez.*

Abogado del apelado: *Sr. Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Los artículos 75, 81 y 82, Título V, del Código de Enjuiciamiento Civil, que trata ''del lugar para la celebración de los juicios en asuntos civiles,'' en tanto son pertinentes a cualquier cuestión que pueda estar envuelta en este caso, prescriben lo siguiente:

''Artículo 75.—Deberán sustanciarse en el distrito en que radique el objeto de la acción, o parte del mismo, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, a tenor de lo dispuesto en este código los pleitos que se sigan por las causas siguientes:

''1. Para recobrar la posesión de bienes raíces o de una propiedad

o interés en la misma, o para determinar en cualquiera forma dicho derecho o interés, y por daños causados a propiedad inmueble.

"Art. 81.—En todos los demás casos el pleito deberá verse en. el distrito en que residieren los demandados, o algunos de ellos, al iniciarse el litigio; * * *

"Art. 82.—Si el distrito en que se establece la demanda no es el en que deba seguirse el juicio, podrá, sin embargo, continuarse en aquél, a menos que el demandado, al comparecer a contestar o a formular excepciones, presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente."

En el año 1912 compró Anselmo González Padín, en subasta pública ordenada por la Corte Municipal de San Lorenzo, en una acción titulada *"Francisco Rincon* v. *Sucesión de Fabián Agenjo,"* cierta finca urbana radicada en el pueblo de San Lorenzo.

En 1915 se estableció una acción contra González Padín y otros en la Corte de Distrito de Ponce, con súplica de que se dictara sentencia (*a*) declarando nula la sentencia y actuaciones posteriores a la radicación de la demanda en el pleito seguido ante la Corte Municipal de San Lorenzo por *Francisco Rincón* v. *Sucesión Fabián Agenjo,* sobre cobro de dinero; (*b*) declarando ineficaz para trasmitir el dominio del inmueble descrito en esta demanda, la adjudicación hecha en dicho pleito a don Anselmo González Padín por el márshal de la Corte Municipal de San Lorenzo; (*c*) condenando a Anselmo González Padín a devolver a los menores demandantes la casa a que se refiere esta demanda, a pagar a los demandantes la cantidad de un mil ochocientos dollars, importe de los frutos producidos por dicho inmueble hasta el día de hoy, decretando rinda cuenta a los mismos demandantes de los frutos producidos por la finca de hoy en adelante; y (*d*) condenando a los demandados al pago de las costas, desembolsos y honorarios de abogado que se ocasionen a los demandantes.

González Padín interpone apelación de la resolución dictada negando la moción de traslado presentada por él y acompañada de un *affidavit* de méritos también suscrito por él y

en la cual alega lo siguiente: "1º. que es uno de los demandados en la presente acción; 2º. que fué notificado y emplazado, en virtud de la.demanda presentada en este pleito, el 16 de junio de 1916, encontrándose en su residencia, calle del Parque número 29 de la ciudad de San Juan, P. R.; 3º. que el declarante vive habitualmente en esta ciudad en donde tiene su domicilio; 4º. que Juana Santiago Rosa y su hijo Félix Fabián Agenjo Santiago, también residen con domicilio en esta ciudad de San Juan; 5º. que el demandado Francisco Rincón Plumey, reside domiciliado en el pueblo de San Lorenzo; 6º. que lo referido es verdad y le consta de propio conocimiento."

Los siguientes errores han sido alegados:

"La corte de distrito erró al no declarar que el demandado al solicitar el traslado del pleito se ajustó a los preceptos estatutorios, fundándose para ello en los casos 16 D. P. R. 432 y 17 D. P. R. 245.

"La Corte de Distrito de Ponce erró al negar el traslado por los fundamentos que invocó en vez de estimar que en el caso de este pleito tal *affidavit* no era necesario."

Los apelantes tratan de establecer una diferencia entre los casos citados por la corte de distrito, fundándose en que en cada uno de estos casos la acción fué personal, mientras que en este caso es mixta, e insisten en que los defectos jurisdiccionales que aparecen de la misma demanda y de la moción, si no convierten en superfluo el *affidavit* de méritos, por lo menos son bastantes en unión de la presentación de la excepción previa y de los hechos expresados en el *affidavit* para que el deponente (*affiant*) quede libre de la necesidad de tener que cumplir de un modo más formal con el estatuto.

Pero el requisito estatutorio de un *affidavit* de méritos se expresa usando la conjunción "y," y no en la alternativa, empleando la conjunción "o," y no establece distinción alguna entre acciones reales y personales. Aunque se ha declarado, como indica el apelante, que tales preceptos deben ser interpretados liberalmente en favor del remedio y que es bastante con que se cumpla con ellos sustancialmente, ninguna corte, que sepamos hasta ahora, ha resuelto que es suficiente un

*affidavit* en que no se hace referencia alguna de que existe alguna defensa.

"El *affidavit* de méritos debe contener ciertas alegaciones, a saber, que el solicitante ha expresado entera y razonablemente el caso al abogado, que ha sido informado por su abogado que tiene una buena y sustancial defensa sobre los méritos, y que cree que tiene tal defensa." 40 Cyc. 158.

Véase también a 1 Sutherland, 597, párrafo 995.

Los apelantes fundan su segunda proposición en los casos de *Fritze* v. *Camp.* 94 Cal. 393, y *Urton* v. *Woolsey,* 87 Cal. 38, pero como se ha indicado en 40 Cyc., página 43, nota 83, "el resultado en estos casos fué debido a un precepto constitucional que limita la jurisdicción de la corte sentenciadora en ciertas acciones que afectan a los bienes inmuebles, al condado en que la propiedad radique."

De acuerdo con nuestro estatuto, a falta de semejante precepto constitucional y como se indica en el encabezamiento del Título V, *supra,* la cuestión no es asunto de jurisdicción sino pura y simplemente de procedimiento que no envuelve nada que no sea el determinar cuál de dos distritos, dadas las circunstancias de un caso determinado considerado a la luz de los preceptos que anteriormente se citan en primer término, es el debido lugar "para la celebración del juicio."

"Es característico de la doctrina moderna sobre el lugar para la celebración del juicio (*venue*) que su medio de probarlo para el debido lugar del juicio tiende a ser personal más bien que territorial. La corriente de autoridades modernas se inclina a la proposición de que una acción está bien establecida donde quiera que la corte sentenciadora tiene jurisdicción sobre la persona del demandado y puede conceder un remedio adecuado en procedimiento contra él personalmente.

"Si la cuestión es si una acción es transitoria o local en cuanto a condados del mismo Estado, el localizar la acción en algún condado particular es meramente una restricción de conveniencia aun cuando nominalmente afecta a la jurisdicción de la corte sentenciadora. Las reglas relativas al lugar del juicio en tal caso son esencialmente reglas de procedimiento. * * *

"Toda la doctrina referente al lugar para la celebración del juicio (*venue*) municipal se distingue claramente de la doctrina relativa el lugar para la celebración del juicio (*venue*) entre Estados, porque la última gira sobre la cuestión de la limitación de la jurisdicción territorial, pero la jurisdicción municipal trata únicamente de las reglas de procedimiento.    *    *    *

"Otra diferencia notable entre el lugar municipal del juicio y entre Estados está en el hecho de que aunque el medio de probar la última puede encontrarse casi exclusivamente en las decisiones de las cortes, los medios de probar cuál es el lugar del juicio en casi todos los Estados debe ahora encontrarse principalmente en los estatutos.    *    *    *

"Otra característica importante del lugar del juicio municipal que resulta de su naturaleza procesal es que ninguna acción doméstica es necesariamente local aunque la fuerza arbitraria de un estatuto pueda imponer un carácter local a cualquier acción doméstica.    *    *    *

"Según esto de acuerdo con las reglas establecidas sobre el lugar del juicio municipal en la subsiguiente ley común una acción local no tenía necesariamente que celebrarse en el condado en que radicaba el terreno.    Mediante el consentimiento de las partes y con permiso de la corte el juicio podía celebrarse en cualquier otro condado o lugar que fuera más conveniente.    *    *    *

"El mismo principio ha sido reconocido extensamente en los sistemas estatutorios sobre el lugar del juicio que prevalecen en América.    Frecuentemente se atribuye la doctrina a un antiguo estatuto reproducido en un número de Estados que dispone que si el condado en que comienza la acción no es el debido para la celebración del juicio, puede, sin embargo, celebrarse allí el juicio, a no ser que el demandado dentro de un término limitado solicite que el juicio sea celebrado en el debido condado.    El efecto de esta disposición se ha declarado que es dar a la corte sentenciadora de cada condado 'una especie de jurisdicción incipiente en todo el Estado, y con el consentimiento de las partes, el poder de oir y resolver todas dichas acciones sin tener en cuenta la naturaleza de la controversia o la residencia de los litigantes.' Y como parte de esta doctrina también se ha resuelto que puede haber una conformidad tácita respecto a esta jurisdicción incipiente debido a la omisión del demandado en oponerse en la forma y dentro del término fijado en el estatuto.    Un criterio semejante acerca de la naturaleza del lugar local del juicio de que es un privilegio personal se ha formado en algunos Estados sin esta ayuda especial.    Teniendo en cuenta los principios generales e inter-

pretando los estatutos relativos al lugar del juicio en conjunto, repetidamente han declarado las cortes que las leyes que fijan el lugar del juicio de una acción doméstica en el condado en que radica la materia objeto de la acción aunque tal vez son imperativos en sus términos, no son jurisdiccionales ni mandatorios, sino que dan a la parte, aun cuando se le demande sobre sus bienes inmuebles, el privilegio de que la acción se siga en el condado en que radica el terreno. El resultado a menudo está en aparente conflicto con la letra del estatuto. Sin embargo, la razón de la decisión (*ratio decidendi*) es la de que los estatutos sobre lugar del juicio regulan no la jurisdicción de las cortes, sino solamente su procedimiento. Con respecto a la jurisdicción de la materia objeto de la acción la cuestión no es si determinada finca radicada dentro del distrito territorial señalado a la corte sentenciadora, sino si esta corte está revestida del poder de oir y resolver la materia general envuelta en la acción. Si una corte tiene el derecho de ver a quien corresponde el título de una propiedad el hecho de que la finca en particular en controversia radique en otro condado del Estado da en verdad al demandado el derecho a oponerse pero su objeción se basa en un privilegio personal." 40 Cyc. páginas 24, 28, 39, 40, 41, 42 y 43.

Véase también el caso de *Hernaiz Targa & Co.* v. *Vivas*, 20 D. P. R. 106.

La sentencia apelada debe ser confirmada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.