[S. F. No. 4769. Department Two.—December 15, 1908.]

HELEN M. EVANS, Respondent, v. THOMAS B. EVANS, Appellant.

DIVORCE—MOTHER CANNOT FORFEIT RIGHT OF CHILDREN TO SUPPORT BY FATHER.—While a wife may abandon or forfeit her own claims to be supported by or from the estate of her divorced husband, she cannot forfeit or abandon the rights of her children to such support.

ID.—MODIFICATION OF DECREE—CUSTODY AND MAINTENANCE OF CHILDREN.—Where by a decree of divorce the custody of the minor children was given to the defendant husband, "subject to the further order of the court," and he was "required to maintain and educate them," the court rendering the decree has the power subsequently to award the custody of the children to their mother, and to order the husband to pay a monthly allowance for their maintenance.

ID.—JURISDICTION OF COURT TO ORDER MODIFICATION—APPLICATION FOR LETTERS OF GUARDIANSHIP IN ANOTHER COURT.—The superior court of the county in which the original decree of divorce was rendered does not lose jurisdiction to so modify its decree, by the fact that in the mean time the children had been removed by their father to another county, and that at the time of the modification an application for letters of guardianship of their persons was pending in the latter county for the sole purpose of sheltering and harboring the children until some permanent arrangement could be effected for their care and custody.

APPEAL from an order of the Superior Court of San Benito County, modifying a decree of divorce by directing the custody of the children to be taken from the father and given to the mother, and directing him to pay a monthly sum for their maintenance. M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

William A. Bowden, for Appellant.

Gilmore Agnew, for Respondent.

HENSHAW, J.—In 1903 the superior court of San Benito County granted plaintiff a divorce from defendant upon the ground of his extreme cruelty. In accordance with an agreement of the parties at that time entered into, the custody of the children was given to the defendant, "subject to the further order of the court," and defendant was "required to maintain and educate them." Defendant moved with the children to the county of Santa Clara, and there remarried and continued to reside. In 1906 this plaintiff made application to the court of San Benito County to award to her the custody of the children, upon the ground that the father had proved, by reason of his cruelty to them, to be an unfit and improper person to have their charge. To this application was joined a request for an allowance of thirty dollars per month for their maintenance. The probation officers of Santa Clara County at about the same time had taken charge of the children and placed them temporarily in the Orphans' Home at San Jose, their father having been arrested for cruelty to them.

These matters were disclosed in evidence before the superior court of San Benito County at the hearing of this application, with further testimony of the cruelty which the father had practiced upon the children. The court then made its order in accordance with the prayer of the petition. Upon appeal the contention is made that the order decreeing payment of a monthly sum for the maintenance of the children was in excess of the jurisdiction of the court, and therefore void, because in the original judgment and decree in divorce no provision had been made for such maintenance, and there was no reservation of the right to make such provision in the future. This contention, however, is contrary to the facts. By the agreement of the parties, adopted by the court, the wife did relinquish any claim to maintenance or support for herself, but she did not attempt to do this upon behalf of her children, and if she had done so the act would have been nugatory. A wife may abandon or forfeit her own claims to be

supported by or from the estate of her divorced husband, but she cannot forfeit or abandon the claims of the children. (*Ex parte Gordan,* 95 Cal. 374, [30 Pac. 561].) Moreover, the decree of divorce distinctly imposed upon the father the duty "to maintain and educate the children." So that the decree is not, as appellant contends, silent upon the matter.

This court had occasion, in the recent case of *Harlan* v. *Harlan, ante,* p. 341, [98 Pac. 32], to consider the question of the power of the court in cases such as this. The authorities are there reviewed, and the conclusion reached and expressed that the court has power to make future provision for the children's care, custody, education, and maintenance, as was done in this case.

It is made to appear that an application for letters of guardianship of the persons of these neglected children was pending in the superior court of the county of Santa Clara at the time the order here appealed from was made by the superior court of San Benito County. Upon this appellant bases an argument to the effect that the superior court of Santa Clara County had acquired jurisdiction and that the superior court of San Benito County was, therefore, without power to act. To this proposition is sought to be applied the case of *Younger* v. *Younger,* 106 Cal. 381, [39 Pac. 779]. The Younger case is not in point. In the Younger case the custody of an infant child, by the decree of divorce had been awarded to the mother. With her consent the child was subsequently regularly adopted by its grandfather, and this court held that such adoption so changed the *status* of the child that the superior court lost jurisdiction to modify its decree relative to the custody. Such is not the situation here presented. Manifestly, the application for guardianship in the superior court of Santa Clara County was for the sole purpose of sheltering and harboring the children until some permanent arrangement could be perfected for their care and custody. No letters of guardianship had been issued. The superior court of San Benito County was, therefore, not without jurisdiction to proceed.

The order appealed from is, therefore, affirmed.

Lorigan, J., and Beatty, C. J., concurred.