[S. F. No. 10432. In Bank.—April 21, 1923.]

MINNIE MAE LEE et al., Petitioners, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, etc., et al., Respondents.

[1] PROHIBITION — COURTS — CONCURRENT JURISDICTION.—Prohibition will lie to restrain one court from assuming jurisdiction over a matter when another tribunal having concurrent jurisdiction has assumed and is exercising it over the same matter.

[2] WORKMEN'S COMPENSATION ACT—AWARD TO MINORS—GUARDIANSHIP—JURISDICTION—PROBATE COURT AND INDUSTRIAL ACCIDENT COMMISSION.—Where the estate of minors consists merely of a claim for compensation under the Workmen's Compensation Act, or an award based thereon, arising from the death of their father in the course of his employment, the jurisdiction of the probate court to appoint a guardian of such estate of said minors is ousted by the commencement, before the power of the probate court is invoked, of the proceeding before the Industrial Accident Commission to secure such compensation or award, by which proceeding the commission acquires jurisdiction to make and administer the award. Conversely, the jurisdiction of the commission to appoint its own trustee is ousted by a prior proceeding in the probate court for the appointment of a guardian for such

---

1. Prohibition to restrain one court from interfering with or entertaining suit where another court of concurrent jurisdiction has assumed cognizance, note, 14 Ann. Cas. 206.

minors, whether the estate consists of the claim for compensation or the resultant award only, or includes additional property.

[3] ID.—MAKING OF AWARD—SUBSEQUENT ORDER APPOINTING TRUSTEE —JURISDICTION OF COMMISSION.—In a proceeding by minors before the Industrial Accident Commission to obtain an award for the death of their father who was killed in the course of his employment, an order by the commission, made some eight months after the filing of the award, appointing a trustee for said minors to carry out the .terms of the award, was valid where, by the terms of the award itself, the commission omitted to make such appointment, and the order of appointment was made under section 20 (d) of the Workmen's Compensation Act giving the commission continuing jurisdiction over its findings and awards for 245 weeks after the date of the injury giving rise to the proceeding, and section 63 (a) of the act vesting the commission with full power and authority "to do and perform any and all things, whether herein specifically designated or in addition thereto, which are necessary or convenient in the exercise of any power, authority or jurisdiction conferred upon it under this act."

[4] CONSTITUTIONAL LAW—CONFIRMATION OF ACT OF LEGISLATURE— CONSTITUTIONAL AMENDMENT—EFFECT OF.—While an amendment to a state constitution ratifying and confirming an act of its legislature is ineffectual to validate that act if it impair the obligations of a contract or divest vested rights, still such an amendment may otherwise cure the infirmities of an act, and to that extent the act is thenceforth to be regarded as constitutional.

[5] WORKMEN'S COMPENSATION ACT—APPOINTMENT OF TRUSTEES BY INDUSTRIAL ACCIDENT COMMISSION—POWER OF LEGISLATURE.—The power conferred upon the Industrial Accident Commission by the Workmen's Compensation Act to appoint trustees for the collection and disbursement of awards made by it, even though it trenches upon the probate jurisdiction of the superior court, is within the constitutional authority of the legislature.

PROCEEDING in Prohibition to prevent the Superior Court of the City and County of San Francisco from further proceeding in guardianship matter.   Writ granted.

The facts are stated in the opinion of the court.

A. E. Graupner and Warren H. Pillsbury for Petitioners.

C. A. Linn for Respondents.

KERRIGAN, J.—This is an application for a writ of prohibition to prevent the superior court of the city and county of San Francisco from further proceeding in a certain guardianship matter, pending before that court, upon the ground of lack of jurisdiction.

There is no dispute about the facts. The petitioner, Minnie Mae Lee, an adult, Raymond R. Lee, Robert H. Lee, Herbert A. Lee, Edward T. Lee, and Howard G. Lee, minors, were the children of Robert S. Lee and Mittie Lee. In March, 1919, a decree of divorce was granted to Robert S. Lee from Mittie Lee. Prior to the commencement of any of the proceedings hereinafter mentioned the children and Mrs. Lee resided in the state of Texas, and Mrs. Lee was duly appointed in that state the general guardian of said minors. The father of the above-mentioned minors and Minnie Mae Lee was killed August 2, 1920, in San Francisco while in the employ of the Western Pacific Railroad Company. Thereafter an application was made to the Industrial Accident Commission for a death benefit on behalf of such children. In that proceeding the children were represented by a firm of lawyers residing in Texas and by C. A. Linn, an attorney at law practicing in California. After a hearing the Industrial Accident Commission entered its decision awarding the children the sum of four thousand, nine hundred dollars. In its decision it also fixed the amount of the fees to be paid to the said attorneys in the aggregate sum of one hundred dollars, and directed the amount of the award to be paid in installments to Mittie Lee as guardian and custodian of the minor applicants. No petition was filed in that proceeding for a rehearing, and the findings and award of the commission have been final since December 30, 1921. At the first hearing of the case the referee of the commission, with the consent of C. A. Linn, attorney for the minors, appointed F. B. Lord as guardian *ad litem* and trustee for said minors. Through inadvertence no confirmation of this appointment was made by the commission until after its decision in the case at about the time the present controversy arose in the superior court, to wit, August 12, 1922. In this order of confirmation the employer was directed to pay the installments of the death benefit to F. B. Lord, guardian *ad litem* and trustee, who, in turn, was

to remit the payments to the Texas guardian for the support of the minors. The employment of said Texas firm of lawyers was for the purpose of representing the heirs of said Robert S. Lee in all proceedings arising out of his death. These lawyers, in turn, employed C. A. Linn to represent the Lees in California. Their employment was contingent, they to receive one-third of the amount recovered. The attorneys, being dissatisfied with the amount of the fees allowed them by the Industrial Accident Commission, assigned their claim to one Sidney Rhein, who commenced an action against the Lee minors for the sum of approximately sixteen hundred dollars. About the same time Linn, claiming to be a person interested in the estate of said minors, filed in the superior court, over their objection, a petition for the appointment of H. C. Kelsey as guardian of the estate of said minors, which appointment was in due course made.

The proceeds of the award of the commission are now the subject of conflicting demands made upon the employer by Lord and Kelsey, each claiming the exclusive right to receive it, the first as trustee appointed by the commission, the second as guardian of said minors' estate.

[1] It is conceded that prohibition will lie to restrain one court from assuming jurisdiction over a matter when another tribunal having concurrent jurisdiction has assumed and is exercising it over the same matter. (*Dungan* v. *Superior Court*, 149 Cal. 98 [117 Am. St. Rep. 119, 84 Pac. 767]; 15 Cor. Jur. 1134, 6; sec. 583; *Evans* v. *Evans*, 154 Cal. 644 [98 Pac. 1044].)

That much being conceded it is claimed by the petitioners, first, that the appointment on August 12, 1922, by the commission of its trustee, F. B. Lord, ousted the superior court of jurisdiction to appoint a guardian of the estate of said minors inasmuch as said estate consisted exclusively of the award in their favor by the commission, in the proceeding to obtain which the commission was empowered to appoint a trustee to carry out the terms of the award.

The Workmen's Compensation Act (Stats. 1917, c. 586, p. 831), by section 11(d), provides that a general guardian appointed by the superior court, or a guardian *ad litem* or trustee, may exercise before the commission any right given therein to any minor or incompetent; and the commission

may appoint a trustee to receive and disburse compensation payments for the benefit of such minor or incompetent.

Section 14(e) of said act provides that an award or benefit granted by the commission to dependents of a deceased injured employee shall be paid to a trustee appointed by the commission or by a commissioner for the benefit of the person or persons entitled, and that the person to whom the benefit is paid shall apply the same in compliance with the findings and directions of the commission; and further, that the commission may set apart or *reassign* the award to any one or more of the dependents in accordance with their respective needs and as may be just and equitable, and may order payment to a dependent subsequent in right or not otherwise entitled.

Section 28(c) provides that the commission may order the award to be paid directly to the injured employee or his dependents, or deposited with any savings bank or trust company authorized to transact business within this state, or may order it deposited with the State Compensation Insurance Fund, and that payments from such fund, when so deposited, shall be made by the trustee only in the amounts and at the times fixed by the order of the commission.

Section 55(a), establishing the jurisdiction of the commission, provides, among other things, that all proceedings for obtaining any order which by the act the commission is authorized to make, "or for the determination of any other matter, jurisdiction over which is by this act vested in the commission, shall be instituted before the commission and not elsewhere except as otherwise provided in this act, and the commission is hereby vested with full power, authority and jurisdiction to try and finally determine all such matters," subject only to review by the supreme court or district courts of appeal.

And section 57(a) again provides that the commission shall have full power and authority "(3) To appoint a trustee or guardian *ad litem* to appear for and represent any such minor or incompetent . . . and such guardian or trustee shall not be discharged from liability until he shall have filed an account with the commission or with the probate court and such account shall have been approved. The trustee or guardian shall be entitled to receive such compensation for his services

as shall be fixed and allowed by the commission or by the probate court.''

It appears from a consideration of the foregoing provisions of the . Workmen's Compensation Act that the legislature has conferred upon ·the Industrial Accident Commission jurisdiction to appoint a person, designated a trustee, to receive and disburse an award made by it for the benefit of the dependents of a deceased employee—functions which, in the absence of this legislation would, in the case of minors or incompetents, devolve upon the guardian of their estate appointed either by will or by the probate court. This jurisdiction is evidently not so extensive as that of the probate court, since it is limited to that portion of the ward's estate which consists of the award of compensation; it does not extend to any other property owned by the ward. The pendency of a proceeding before the commission, therefore, in which the commission has power to appoint such trustee would not oust the probate court of jurisdiction to appoint a guardian to care for such other property. [2] But where the estate consists merely of the claim for compensation, or an award based thereon, the power and duty to administer which are conferred upon the commission, the jurisdiction of the probate court with regard thereto is, we think, ousted by the commencement, before the power of the probate court is invoked, of the proceeding before the commission by which it acquires jurisdiction to make and administer it. Conversely, the jurisdiction of the commission to appoint its own trustee is ousted by a prior proceeding in the probate court for the appointment of a guardian for the minor or incompetent, whether the estate consists of the claim for compensation or the resultant award only or includes additional property.

It is to be noted, however, that when the award is being administered by a guardian appointed by the probate court, he must administer the same under the orders of the commission, since that body is granted powers in relation to the award which the probate court does not possess. (Workmen's Compensation Act, sec. 14 [e].)

[3] It is objected by the respondents that the order of the commission appointing F. B. Lord trustee is a nullity, for the reason that the proceeding in which the appointment was made was no longer pending before the commission, this

contention referring to the fact that such appointment was made some eight months after the filing of the award.

But section 20 (d) of the act gives to the commission continuing jurisdiction over its findings and awards for 245 weeks after the date of the injury giving rise to the proceeding; and section 63 (a) vests the commission with full power and authority "to do and perform any and all things, whether herein specifically designated or in addition thereto, which are necessary or convenient in the exercise of any power, authority or jurisdiction conferred upon it under this act." The powers thus conferred are certainly ample to uphold the order of the commission appointing a trustee to carry out the terms of its award where, by the terms of the award itself, it has omitted to do so.

An objection is raised by the respondents to the appointment of a trustee by the commission, upon the ground that the duties of such trustee relate to matters of probate, and that the constitution of the state vests probate jurisdiction exclusively in the superior court.

Whatever merit there might have been in this contention when the act was originally passed, it has ceased to exist since the amendment of 1918 to article XX, section 21, of the constitution, whereby the power of the legislature to create an Industrial Accident Commission and to confer upon it governmental powers was considerably broadened, and the act theretofore passed by it expressly ratified and confirmed. That section, as amended, reads (in part) : "The legislature is hereby expressly vested with plenary power, unlimited by any provision of this constitution, to create and enforce a complete system of workmen's compensation by appropriate legislation" including "full provision for vesting power, authority and jurisdiction in an administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively and without incumbrance of any character . . . Nothing herein contained shall be taken or construed to impair or render ineffectual in any measure the creation and existence of the Industrial Accident Commission of this state . . . the creation and existence of which with all the functions vested in them are hereby ratified and confirmed."

Following this amendment the legislature, at its session of 1919 (Stats. 1919, p. 910), amended and re-enacted certain sections of the act of 1917, including the section authorizing the commission to appoint trustees for the collection and disbursement of awards made by it. [4] While an amendment to a state constitution ratifying and confirming an act of its legislature is ineffectual to validate that act if it impair the obligations of a contract or divest vested rights, still such an amendment may otherwise cure the infirmities of an act, and to that extent the act is thenceforth to be regarded as constitutional. (12 Cor. Jur. 1092.) [5] It follows that the power conferred upon the commission to appoint such trustees for the purpose indicated, even though it trenches upon the probate jurisdiction of the superior court, is within the constitutional authority of the legislature.

In view of the conclusions reached upon the matters discussed it is not necessary to consider other questions raised by the respondents.

The superior court, for the reasons stated, was without jurisdiction to appoint a guardian for the nonresident minors and dependents of Robert S. Lee, deceased, and the writ of prohibition prayed for in the present proceeding should issue. It is so ordered.

Myers, J., Waste, J., Lennon, J., Lawlor, J., Seawell, J., and Wilbur, C. J., concurred.