[L. A. No. 13565. In Bank.—July 27, 1932.]

O. E. SLINACK et al., as Trustees, etc., Petitioners, v. THE SUPERIOR COURT OF TULARE COUNTY et al., Respondents.

Robert L. Hanley and Wiley J. Shannon for Petitioners.

James M. Carter and Guy Knupp for Respondents.

THE COURT.—This is an application for a writ of prohibition to restrain the respondent superior court from exercising jurisdiction in an action brought for the partition of personal property and the appointment of a receiver.

The petition alleges an agreement entered into between California Reserve Company, a California· corporation, and Metropolitan Trust Company of California, approved by the commissioner of corporations, whereby the former company was authorized to purchase first and second mortgages and trust deeds upon improved California real estate and to deposit the securities so purchased with said Metropolitan Trust Company of California, which is designated as the depositary. The California Reserve Company was authorized to sell and did sell to the public certificates evidencing ownership in proportionate shares of all trust deeds and mortgages so purchased and deposited. These certificates provided for interest at eight per cent, payable quarterly. The agreement contained many provisions as to safeguards and guaranties, terms and manner of repurchase of certificates, and duties, obligations, rights and powers of the respective parties not necessary to note. It is sufficient to state that the California Reserve Company was constituted the agent of the certificate holders to collect installments of principal and interest falling due under the mortgages and trust deeds, make payment of interest to the certificate holders, and re-invest the principal and deposit newly acquired securities with said depositary. In said agreement certain acts or omissions on the part of the California Reserve Company were declared to constitute a breach of the agreement on its part. In the event of a breach and written notice as provided, the company was to be considered divested of all of its rights, powers and interest, which should thereupon become vested in the depositary which in turn should hold the mortgages and trust deeds on deposit for the account and benefit of the company and the owners of certificates then outstanding, for the purpose of enforcing the provisions of the mortgages and trust deeds and

disbursing the proceeds as the interests of the company and certificate holders might appear.

It further appears from the petition that operations were conducted under this agreement until, at the times hereinafter mentioned, the certificates outstanding numbered 2493, bearing a face value of $1,882,350. The securities deposited evidenced a value of more than $2,000,000. In October, 1931, because of insufficient funds remaining after complying with demands for numerous repurchases of certificates, the company defaulted in the payment of quarterly interest due on certificates outstanding, and it appeared that it would continue to be in default. At the request of California Reserve Company and pursuant to a written waiver of notice executed by it, the Metropolitan Trust Company of California, in December, 1931, took over the management and control of the company's affairs. Subsequently in the same month the plaintiffs, who are three of the largest certificate holders, and two others who later resigned, were nominated by the certificate holders as a committee to meet and advise with the Metropolitan Trust Company of California. On January 15, 1932, the latter company commenced an action in the superior court in Los Angeles County naming as defendants the California Reserve Company and two certificate holders, W. G. Nott and J. T. Keirns. By that action the plaintiff sought to have construed the trust agreement referred to and to have declared and defined its rights, powers and duties pursuant thereto under the circumstances noted. In the complaint in that action it was alleged that the defendants Nott and Keirns held and represented divergent views as to the rights, powers and duties of the plaintiff trustee under said trust agreement, also held by the numerous certificate holders, and that each of said defendants Nott and Keirns was joined in the action not only individually but, because of the impracticability of joining all certificate holders in said action, also as the representative and for the benefit of all certificate holders or beneficiaries of the trust, thus divided into two classes, who held the same views as each of said defendants respectively. It was also sought by said complaint to have the court assume continuing jurisdiction of the parties and the subject matter and the questions arising during the administration of the trust, for the purpose of giving further in-

structions and affording additional relief as the need might arise. The defendants in that action were served and appeared therein prior to January 22, 1932.

On January 25, 1932, Marie K. Seuss, Eloise A. Seuss and Rheta M. Seuss, three of the certificate holders, commenced an action in the Superior Court in and for Tulare County against California Reserve Company, Metropolitan Trust Company, sixty-five named certificate holders, and certificate holders designated as John Doe One to John Doe Five Thousand. In the complaint in that action it was alleged that no one was authorized to protect and preserve the liens secured by second mortgages and trust deeds purchased by the California Reserve Company and on deposit with Metropolitan Trust Company of California, and that it was necessary that a receiver be appointed to take charge of and operate said property and preserve the same from loss to the certificate holders. The plaintiffs therein also sought a partition of said property, or a sale thereof and a division of the proceeds in accordance with the respective rights of the plaintiffs and defendants. On that complaint and the *ex parte* application of the plaintiffs, the superior court in Tulare County, the respondent herein, on the same day, ordered the appointment of S. H. Rosenthal as receiver and, upon the filing of certain bonds, vested in him authority to take possession of and operate all of the properties involved herein. It is alleged that S. H. Rosenthal qualified and is purporting to act as such receiver.

On January 26, 1932, the petitioners herein filed a complaint in intervention in the action pending in Los Angeles County praying for the appointment of themselves as trustees in the place of Metropolitan Trust Company of California on the ground that their administration of the trust, without compensation, would be for the best interests of the certificate holders. On the following day, one of the plaintiffs in the Tulare County action also intervened in the Los Angeles County action and purported to show that the issues raised by the complaint in the Los Angeles County action were then moot, inasmuch as the superior court in Tulare County had appointed a receiver and instructed him on all the questions raised by the action in Los Angeles County and that instructions from the superior court in the Los Angeles County action were then

neither proper nor necessary. The issues in the Los Angeles County action came on for hearing, the Metropolitan Trust Company resigned as trustee and the court in said action made its findings and conclusions and on February 19, 1932, rendered judgment establishing the trust pursuant to said trust agreement, ordering Metropolitan Trust Company of California to file its account, decreeing that intervener Seuss take nothing by her complaint in intervention, and appointing the petitioners herein trustees of the trust property subject to the continuing jurisdiction of the court, upon the filing of a bond in the sum of $50,000, which was subsequently furnished. The court there also ordered that title and possession of the property involved be transferred to the trustees so appointed.

On March 1, 1932, pursuant to notice, the petitioners presented to the superior court in Tulare County, respondent herein, a motion to be substituted as defendants in the place of the defendant Metropolitan Trust Company of California in the action pending in Tulare County, for an order vacating the appointment of the receiver in that action, and for an order staying the proceedings pending in Tulare County on the ground that another and prior action involving the same subject matter and parties was pending in the Superior Court in and for Los Angeles County. Those motions were based on the judgment-roll in the action pending in Los Angeles County, which was received in evidence on the hearing of the motions, and on the answer of the petitioners as such trustees and successors of Metropolitan Trust Company of California to the amended complaint filed by the plaintiffs Seuss in the Tulare County action. It also appeared as an undisputed fact that all of the securities involved were in the possession of Metropolitan Trust Company of California at its offices in Los Angeles, and that all of said securities constitute second encumbrances on real property substantially all of which is situate in the county of Los Angeles, that no part thereof is situate in the county of Tulare, and that the distance between the seats of Los Angeles and Tulare Counties is more than 200 miles. The respondent court denied the motions so made, on the ground, in part, that it desired not to release Metropolitan Trust Company of California as a party in the cause pending before it.

It further appears by the petition herein that on February 24, 1932, a petition in bankruptcy on behalf of California Reserve Company was filed in the District Court of the United States for the Central Division, Southern District of California, and that an *ex parte* order was made by said court appointing G. W. McCune and said S. H. Rosenthal co-receivers in bankruptcy to act until a trustee be appointed. The petition also shows that said S. H. Rosenthal, as such receiver in bankruptcy, has notified the Metropolitan Trust Company of California not to transfer possession or dispose of any property or funds in its hands belonging to said bankrupt; that due to the conflicting orders of the two superior courts there is no one who, with authority, can represent the interests of the certificate holders in said bankruptcy proceeding, and that in the meantime the equities in the real property evidenced by the mortgages and deeds of trust involved are in danger of becoming lost through foreclosure of prior encumbrances. It is stated that this proceeding is therefore brought to have determined the conflict of jurisdiction existing between the superior court in Los Angeles County and the respondent superior court.

The respondents by their answer herein admit all of the allegations of the petition with the exception that they deny the allegation that the petitioners have no plain, speedy or adequate remedy at law. It may be assumed that the petitioners herein could have appeared as defendants in the Tulare County action and have prosecuted an appeal from the *ex parte* order appointing a receiver

It has been held that a proceeding in prohibition is available to test the validity of such an order although the petitioners have a remedy by appeal. (*A. G. Col Co.* v. *Superior Court,* 196 Cal. 604 [238 Pac. 926].) ■ Parity of reasoning compels the conclusion that this court may in its discretion exercise its jurisdiction to issue a writ of prohibition if it appear that the court appointing a receiver is acting in excess of its jurisdiction by reason of the fact that another court has acquired the exclusive jurisdiction to make the appointment. (Secs. 1102, 1103, Code Civ. Proc.; *Lieberman* v. *Superior Court,* 72 Cal. App. 18, 26–28 [236 Pac. 570].) ■ Both the action commenced in Los Angeles County and that brought in Tulare County involve

the appointment of an officer or officers to administer the trust *res* and for other equitable relief. The action in Los Angeles County was commenced and jurisdiction of the parties was obtained therein prior to January 22, 1932. The action in Tulare County was not commenced until January 25, 1932. Jurisdiction of the Superior Court in Los Angeles County over the subject matter of the action and of the trust *res*, therefore, attached before the action in Tulare County was commenced. In view of the pending bankruptcy proceedings, it is conceded that the controversy narrows down to a conflict of the jurisdiction of the two superior courts only as to the matter of the appointment of an administrative officer. The respondents admit that the conflict in that respect exists. ██ The case is then controlled by the application of the general rule that where two tribunals have concurrent jurisdiction over the same parties and subject matter, the tribunal in which jurisdiction first attaches retains it exclusively. (*Lieberman* v. *Superior Court, supra;* 7 Cal. Jur. 591.) ██ The respondents contend that the parties are not the same in both actions. They admit, however, that the trust *res* involved is the same, and that the receiver appointed by the respondent court and the trustees appointed by the superior court in Los Angeles County cannot both act to administer the trust at the same time. All of the beneficiaries and parties in the Tulare County action are represented in the action pending in Los Angeles County and the court there in the exercise of its equity jurisdiction has power to bring before it all of the persons who may be affected by its decrees. More than that is not necessary under the circumstances existing here.

██ Furthermore, following the principles stated in *A. G. Col Co.* v. *Superior Court, supra,* sufficient appears to justify the issuance of the peremptory writ on the ground that the respondent court under the facts disclosed acted in excess of its jurisdiction in appointing a receiver on an *ex parte* application. This became apparent when the several motions were made and it was revealed, if it was not theretofore known to the respondents, that the action was pending in Los Angeles County for the purpose of instructing the trustee under the trust agreement and that an officer competent to protect and preserve the property

from loss had possession of and was actively administering the trust *res* at the time the *ex parte* application for the order appointing a receiver was made in Tulare County. This was not, therefore, a case of the greatest emergency, where, without such *ex parte* appointment, irreparable injury would unquestionably have resulted. (*A. G. Col Co.* v. *Superior Court, supra,* p. 613.)

In addition to the foregoing it should further be apparent that in this case representation in the bankruptcy proceedings of the interests of the certificate holders by the same person who is also therein appointed a co-receiver of the property and assets of the alleged bankrupt might give rise to a conflict of interest and might result in placing the receiver in a position which he should prefer not to hold. On this application, therefore, in order better to serve the interests of the certificate holders it appears that the trustees appointed by the Superior Court in Los Angeles County to succeed the Metropolitan Trust Company of California as trustee should continue in their office as. such trustees exclusive of representation by the receiver appointed in the action in Tulare County.

The respondents also contend that prohibition will not lie where the lower court has itself not passed or ruled upon the question of its jurisdiction. The respondents state that the court in Tulare County was never presented with a motion or proceeding nor did the court pass upon the question of its jurisdiction to entertain the action in partition. But their answer admits that motions raising the question of jurisdiction were presented and that the court failed to rule thereon for the reason that it refused to substitute the petitioners in the action. Assuming the proposition presented to be correct in law and procedure, it cannot be deemed to be well taken under the facts admitted.

The respondents do not question that the petitioners are persons beneficially interested so as to be entitled to institute this proceeding. (Sec. 1103, Code Civ. Proc.)

Let the peremptory writ issue as prayed.