[Civ. No. 5621. Third Appellate District.—November 25, 1936.]

GIRLIE STROSNIDER et al., Petitioners, v. SUPERIOR COURT OF EL DORADO COUNTY et al., Respondents.

White, Miller, Needham, Harber & Mering, Frank S. Hutton and William H. B. Haymond for Petitioners.

I. Henry Harris, J. H. Morris and Henry S. Lyons for Respondents.

THE COURT.—By this writ of prohibition petitioners seek to prevent respondents from proceeding further in an action wherein C. R. Woodruff as receiver of the estates of Harry L. Henry and Clara S. Henry, and Harry L. Henry and Clara S. Henry, individually, are plaintiffs, and Metropolitan Trust Company of California, a corporation, Girlie Strosnider and R. H. Strosnider are defendants, and where plaintiffs, among other things, seek declaratory relief and damages in the sum of $200,000 for violation of a certain contract or agreement.

Very briefly, it appears that the Henrys were indebted to the Strosniders and the trust company upon two promissory notes secured by contracts upon lands near Lake Tahoe in the county of El Dorado. The Henrys were unable to meet their obligations as they became due, and in June, 1933, filed a debtor's petition under section 74 of the Federal Bankruptcy Act, and thereafter entered into an extension

agreement with their creditors, C. R. Woodruff being appointed receiver or custodian.

Thereafter the Henrys defaulted under this extension, and on February 12, 1934, were adjudged bankrupts in the District Court of the United States. Thereafter C. R. Woodruff, apparently known as the receiver under the proceedings provided for by section 74 of the act, and not as receiver of the Henrys as bankrupts, was authorized by a judge of the District Court to institute an action in his name as receiver on behalf of Harry L. Henry and against the Strosniders and the trust company to determine their rights under a certain trust agreement with relation to the Tahoe property. It appears, however, no order was ever made authorizing the receiver to file any action upon behalf of Clara S. Henry, a bankrupt.

Pursuant to the foregoing order the action from which springs this writ of prohibition was filed on March 2, 1934. Shortly thereafter a first amended complaint was filed, and on April 26th summons and a copy of this amended complaint was served upon the trust company and the Strosniders. On May 2d a stipulation was entered into that the demurrer to plaintiffs' amended complaint be sustained and that plaintiffs have until May 25th to file a second amended complaint, and further stipulating that in that event *all* defendants were granted thirty days in which to plead thereto. This stipulation was signed by I. Henry Harris, attorney for plaintiffs and Frank S. Hutton, attorney for defendants. On May 22d a further stipulation was entered into giving the plaintiffs until June 1st to file their second amended complaint. This stipulation was likewise signed by I. Henry Harris, attorney for plaintiffs, and Frank S. Hutton, attorney for defendants. Thereafter a second amended complaint was filed and service thereof made upon Frank S. Hutton, who acknowledged receipt thereof as attorney for defendants.

To this second amended complaint a demurrer upon behalf of the Strosniders only was interposed by Hutton, and no appearance was made upon behalf of the trust company. On December 31, 1934, the default of the trust company was entered. Nothing further appears of record until January, 1936, when the trust company, having learned that a default had been taken against it, sought to have the same set aside under the provisions of section 473 of the Code of

Civil Procedure. This motion was supported by affidavits of Frank S. Hutton, attorney for the Strosniders, Howard H. Rolapp, assistant trust officer of defendant Metropolitan Trust Company and W. H. B. Haymond, secretary and trust counsel for the trust company. Upon the hearing of the motion the trial court promptly and properly held that the same not having been made within the time prescribed by the statute must be denied. With this order petitioners here are agreed, and recognizing that the superior court was without the power to correct the situation, have applied to this court through a writ of prohibition to prevent the respondents from proceeding further toward a judgment therein.

Respondents maintain that prohibition is not the proper remedy, claiming petitioners have redress by appeal in the ordinary course of law. (Sec. 1103, Code Civ. Proc.) However, if an appeal should lie, if it is not plain, speedy or adequate, this court may in the exercise of its discretion grant such writ. The case of *King* v. *Superior Court,* 12 Cal. App. (2d) 501 [56 Pac. (2d) 268], collects the authorities and clearly states the general rule applicable to the situation before us. Furthermore, no appeal lies from an order denying a motion to vacate a default. (*Sherman* v. *Standard Mines Co.,* 166 Cal. 524 [137 Pac. 249].) Also to require that before petitioner could obtain redress the trust company must first permit a judgment by default to be entered with all of the consequences that would flow from such a result is neither speedy nor adequate. In *Hammons* v. *Superior Court,* 63 Cal. App. 700 [219 Pac. 1037], where it was sought to prevent entry of a default after a failure to appear in response to a summons served upon an officer while in this state as a witness in another case, it was held that prohibition was an appropriate remedy. Reference is also made to *Havemeyer* v. *Superior Court,* 84 Cal. 327 [24 Pac. 121, 18 Am. St. Rep. 192, 10 L. R. A. 627], where the court at considerable length discusses the nature of a writ of prohibition and its own proper application. It is there said:

''As we understand the authorities on this point, the operation of the writ of prohibition is excluded only in cases where the action of the inferior tribunal is completed, and nothing remains to be done in pursuance of its void order.

If its action is not completed and ended, its further proceedings may be stayed, and if it is necessary for the purpose of affording complete and adequate relief, what has been done will be undone.''

As already noted, the Henrys have been adjudicated bankrupts and such proceedings are still pending. The other plaintiff is the receiver of their estate.

■ We are here called upon to pass upon the power of these plaintiffs to maintain this action. As to the Henrys, the bankrupts, we know of no authority, nor have we been cited to any such, that authorizes or permits a bankrupt after adjudication to maintain an action to recover assets of his estate, nor to proceed as a debtor under the provisions of section 74 of the Bankruptcy Act. Neither have we been cited to any authority which justifies a custodian or a receiver to maintain or institute an independent plenary suit to recover property of the estate, nor are we acquainted with any authority that will permit him to go out of the jurisdiction of his appointment to institute actions or to do any other official act. (Remington on Bankruptcy, 4th ed., vol. 1, sec. 456.) The record further discloses that a few days after this suit was commenced a trustee in bankruptcy was elected and qualified, and in him and not in the receiver, vests the title to the property of the bankrupts, and the right to sue or maintain an action to recover property for the estate. (Sec. 1266, Remington on Bankruptcy.)

It furthermore appears from paragraph VIII of the petition for writ of prohibition filed herein that during the bankruptcy proceedings the trustee in bankruptcy entered into negotiations with the Strosniders and the trust company to settle the controversies existing between themselves and the Henrys, and on April 22, 1935, an agreement was entered into whereby for a valuable consideration paid, all matters of dispute were settled and the agreement approved. The Henrys appealed from the order approving the compromise but said appeal was dismissed by the federal court and said order is now final.

While some of these allegations are denied it is apparent that the bankruptcy court assumed jurisdiction and purported to settle and dispose of all the matters here involved, and in the case of *Lee* v. *Superior Court*, 191 Cal. 46 [214 Pac. 972], it is held that it is conceded that prohibition will

lie to restrain one court from assuming jurisdiction over a matter when another tribunal having concurrent jurisdiction has assumed and is exercising it over the same matter, and citing in support thereof *Dungan* v. *Superior Court,* 149 Cal. 98 [84 Pac. 767, 117 Am. St. Rep. 119], and *Evans* v. *Evans,* 154 Cal. 644 [98 Pac. 1044].

It furthermore appears that a petition was filed in the bankruptcy proceeding asking that the duly elected and qualified trustee in bankruptcy be substituted in the place and stead of Woodruff and the Henrys as plaintiff in the action against the trust company and the Strosniders. After a hearing on this petition an order was made by the referee ordering this substitution. A review of this order was taken by the receiver but was dismissed by the District Court, and upon petition for leave to appeal therefrom such permission was refused by the United States Circuit Court of Appeals, by which action the order of the referee directing the substitution of the trustee in the place and stead of Woodruff and the Henrys as plaintiff was approved, and the trustee is therefore the only plaintiff to be recognized by the court.

Respondents lay considerable emphasis upon the conflict in the affidavits filed by petitioners upon the motion to be relieved of default, and the affidavits filed in this court. It is true that some of the allegations in the two sets of affidavits are difficult to reconcile. In the affidavits filed to be relieved of default it is alleged that Mr. Hutton was authorized as attorney to appear for the trust company. In the affidavits filed in this court it is represented that no such authority was granted Mr. Hutton. However, there may have been an honest misunderstanding as to the authority granted, and the inclination of courts is and should be to permit causes to be tried upon their merits. We are therefore inclined to the view that there was a misunderstanding and conflict as to the authority of Mr. Hutton to appear for the trust company, due to mistake and inadvertence of the parties involved. It further appears that counsel were, during several months of the period of default, negotiating for a settlement of the dispute but no reference to any default was made by the attorneys for plaintiffs until after the expiration of the time prescribed in section 473 of the Code of Civil Procedure, which leaves some ground to believe that counsel for plain-

tiffs were planning to and anticipated the shutting out of defendants from any relief under that section by the expiration of time.

It is further claimed that by filing a second amended complaint setting up new matters, the default of the trust company was vacated. A reading of the two complaints discloses that there was a material change in a matter of substance in the second amended complaint, and Mr. Hutton not being authorized to appear for the trust company, that company should have been served with such amended complaint before it could be held to be in default. (*Linott* v. *Rowland,* 119 Cal. 452 [51 Pac. 687].)

It therefore appearing that the alternative writ of prohibition should be made permanent, it is so ordered.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 21, 1937.