[Civ. No. 29444. Second Dist., Div. One. July 6, 1965.]

ELMER A. PADULA, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; BROGDEX COMPANY, Real Party in Interest.

Bronson, Bronson & McKinnon and Ernest M. Thayer for Petitioner.

No appearance for Respondent.

Hackett & Hubbard and Ralph B. Hubbard for Real Party in Interest.

FRAMPTON, J, pro tem.*—Petitioner seeks a writ of prohibition to compel the respondent court to dismiss or abate an action now pending in such court entitled *"Brogdex Com-*

_____
*Assigned by the Chairman of the Judicial Council.

*pany,* a Corporation, Plaintiff, vs. *Elmer A. Padula, Doe One to Doe Twenty,* inclusive, Defendants, No. 849,345.''

On September 27, 1963, petitioner filed an action against Brogdex in the Superior Court of the State of California, County of Tulare, number 59830, entitled ''*Elmer A. Padula,* Plaintiff, vs. *Brogdex Co.,* a corporation; *Jack Griggs, Inc.,* a corporation; and *First Doe to Tenth Doe,* inclusive, Defendants.'' In this action, petitioner sought relief based upon the rescission by petitioner of a contract between him and Brogdex wherein Brogdex had agreed to supply and install on petitioner's land, situated in the County of Tulare, eight wind machines adequate to protect from the frost orange trees growing upon petitioner's land. The complaint alleges in substance a breach of warranty in the first cause of action and negligence in the design, manufacture, inspection and installation of the machines in the second cause of action, and asks for rescission of the contract and damages for the destruction of petitioner's trees and for the loss of one year's crop in addition to money paid to Brogdex on account of the purchase price of the machines.

On October 23, 1963, Brogdex was served with a summons and a copy of the complaint in the Tulare action and on December 18, 1963, Brogdex filed its answer thereto wherein it admitted the execution of the contract but denied the allegations of breach of warranty and negligence and prayed that plaintiff take nothing by reason of his complaint.

On November 5, 1964, Brogdex filed, in the Tulare action, its notice of motion for leave to file an amended answer and cross-complaint which motion was not opposed by petitioner. The amended answer admits the execution of the contract and the installation of the machines but alleges that plaintiff had paid only $6,436.59 under the contract and that there remained due and owing the sum of $25,746 plus interest. The amended answer further denied breach of warranty and negligence, and prayed that plaintiff take nothing by reason of his complaint. The proposed cross-complaint set forth the substance of the contract of sale and purchase; alleged that the petitioner (cross-defendant) had paid only $6,436.59 under the contract; that petitioner had breached the contract by failing to make the installment payments due thereunder and that by reason of such breach the total remainder due under the contract plus interest is now due and payable. The proposed cross-complaint contained a prayer for damages in the sum of $25,746 plus interest, attorney's fees and costs.

On November 24, 1964, Brogdex withdrew its motion to file the cross-complaint but submitted the motion to file the amended answer and the latter was filed. The Tulare action is now pending, is at issue, and is awaiting trial.

On December 4, 1964, petitioner was served with summons and a copy of the complaint in an action filed against him by Brogdex in the Superior Court of the State of California, in and for the County of Los Angeles, entitled *"Brogdex Company, a Corporation, Plaintiff, vs. Elmer A. Padula, Doe One to Doe Twenty, inclusive, Defendants."* In this complaint Brogdex alleges in substance the existence of the same contract that is the subject of the litigation in the Tulare action, except that it is described as a conditional contract of sale, entered into between Brogdex and Padula on November 19, 1962, at Pomona in the County of Los Angeles, State of California. The complaint further alleges in substance that the wind machines were delivered and installed on petitioner's property; that petitioner has defaulted on payments due under the contract; that by reason of such default the entire remaining balance under the contract, in the sum of $25,746 together with interest, is immediately due and payable; that under the terms of the contract ownership of the machines remains with Brogdex. That Brogdex has demanded possession of the machines from Padula but possession was refused and the latter now wrongfully retains possession thereof. The prayer of the complaint seeks possession of the machines, or the sum of $24,000, the alleged value thereof, if delivery cannot be had, and damages for the alleged wrongful detention of the machines.

On January 6, 1965, petitioner filed, in the Los Angeles County action, his motion for summary judgment urging that the relief sought therein constituted a mandatory counterclaim by Brogdex which must be filed in the Tulare County action and that the Los Angeles County action is, therefore, barred by the provisions of section 439 of the Code of Civil Procedure. This motion was denied on February 9, 1965, and on March 1, 1965, in the Los Angeles County action, petitioner filed an answer in which he admitted the execution of the contract, denied that he had breached it and set up as affirmative defenses (1) a plea in abatement based upon the pendency of his action in the County of Tulare, (2) that the complaint does not state facts sufficient to constitute a cause of action, (3) breach of warranty on the part of plaintiff therein, (4) negligence in the manufacture and

design of the wind machines, (5) rescission by the defendant (petitioner) of the contract. Petitioner's answer also set up by way of counterclaim substantially the two causes of action pleaded in the Tulare action and a third cause of counterclaim alleging that on September 25, 1963, petitioner had notified the plaintiff in the Los Angeles action in writing that he had rescinded the contract on the grounds of breach of warranty and failure of consideration and offered to restore to plaintiff all consideration given by it on condition that plaintiff restore to defendant the consideration advanced by him and that plaintiff had refused to recognize that the contract had been rescinded. The prayer of the answer asks substantially for the same relief as petitioner is seeking in the Tulare action.

Concurrently with the filing of his answer and counterclaims petitioner filed notice of motion for an order dismissing the Los Angeles County action or that proceedings therein be abated until the final determination of the Tulare action. This motion was denied on April 1, 1965, in both respects.

The Tulare action is one for relief based upon an alleged completed unilateral rescission under sections 1689 et seq. of the Civil Code, adopted in 1961 at the same time sections 3406 et seq. of the Civil Code under which an equitable action for rescission was formerly brought were repealed. ■ In an action for the rescission of a contract, the trial court, in the exercise of its equity jurisdiction, has the power to adjudicate all of the rights as between the parties, within the subject of the litigation, and to adjust the equities between them. (Civ. Code, § 1692.)[1]

---

[1]"When a contract has been rescinded in whole or in part, any party to the contract may seek relief based upon such rescission by (a) bringing an action to recover any money or thing owing to him by any other party to the contract as a consequence of such rescission or for any other relief to which he may be entitled under the circumstances or (b) asserting such rescission by way of defense, counterclaim or cross-complaint.

"If in an action or proceeding a party seeks relief based upon rescission and the court determines that the contract has not been rescinded, the court may grant any party to the action any other relief to which he may be entitled under the circumstances.

"A claim for damages is not inconsistent with a claim for relief based upon rescission. The aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled; but such relief shall not include duplicate or inconsistent items of recovery.

"If in an action or proceeding a party seeks relief based upon rescission, the court may require the party to whom such relief is granted to

As the pleadings now stand in the Tulare action, the defendant therein (Brogdex) does not ask specifically for the recovery of possession of the wind machines. However, if the court should determine that plaintiff therein has properly rescinded the contract, it would be the court's duty to order plaintiff to restore possession of such machines, or pay the reasonable value to defendant, and in addition, make whatever adjustments as will accomplish equity between the parties. This, in substance, is the same relief which Brogdex seeks in the Los Angeles action. It is of little moment that the remedies sought by the two actions are not precisely the same. The significant fact is that the superior court in the Tulare action has the power and is charged with the duty of litigating all the issues and giving all the relief to which either party may be entitled under the pleadings. (*Myers* v. *Superior Court*, 75 Cal.App.2d 925, 931 [172 P.2d 84].)

The action in Tulare County involves the same parties and the same subject matter as does the action filed in Los Angeles County and under these circumstances, where two tribunals have concurrent jurisdiction over the same parties and subject matter, the tribunal in which jurisdiction first attaches retains it exclusively. (*Slinack* v. *Superior Court*, 216 Cal. 99, 106 [13 P.2d 670]; *Browne* v. *Superior Court*, 16 Cal.2d 593, 597 [107 P.2d 1, 131 A.L.R. 276]; *Lee* v. *Superior Court*, 191 Cal. 46, 49 [214 P. 972]; *Robinson* v. *Superior Court*, 203 Cal.App.2d 263, 267 [21 Cal.Rptr. 475]; 1 Witkin, Cal. Procedure (1954) p. 460-461.)

It follows, therefore, that the Superior Court of the County of Tulare, having first acquired jurisdiction over the parties and subject matter, retains such jurisdiction exclusively.

The points and authorities filed by Brogdex in opposition to granting of the writ of prohibition show that on November 18, 1964, Brogdex, in the Los Angeles action, obtained possession of the wind machines under the provisions of sections 509 et seq. of the Code of Civil Procedure, and having possession thereof, does not now ask for money damages for the value thereof.

While the Los Angeles County action might be treated as a mandatory counterclaim which under the law should have

make any compensation to the other which justice may require and may otherwise in its judgment adjust the equities between the parties.'' Civil Code, section 1692. (Added Stats. 1961, c. 589, p. 1734, § 3.)

been filed in the Tulare action (Code Civ. Proc. §§ 437, 438, 439; 2 Witkin, Cal. Procedure (1954) p. 1578) we believe that abatement of the Los Angeles County action is the appropriate remedy here under the circumstances.

Let a writ of prohibition issue directing the respondent court to abate the action now pending before it and to take no further proceedings therein, pending the final determination of the action now pending in the County of Tulare.

Wood, P. J., and Lillie, J., concurred.