[No. 13690.   Department Two. — December 12, 1890.]

## JOHN S. URTON, Respondent, v. GEORGE WOOLSEY, Appellant.

Foreclosure of Vendor's Lien — Venue of Action. — An action to foreclose a vendor's lien must be commenced in the county in which the land, or some part thereof, is situated.

Id. — Jurisdiction — Appeal from Judgment. — The superior court of a county in which it is sought to foreclose a lien upon real property situated in another county has no jurisdiction over the case, and no authority to enter judgment therein, and a judgment enforcing the lien will be reversed upon appeal, for want of jurisdiction.

Appeals from a judgment of the Superior Court of Fresno County, from an order refusing a change of venue, from an order refusing to set aside a default, and from an order refusing to vacate the judgment.

The facts are stated in the opinion of the court.

*Jud. C. Brusie, Taylor & Holl,* and *S. R. Hart,* for Appellant.

*George B. Graham,* and *Graham & Monson,* for Respondent.

McFarland, J. — Judgment was given for plaintiff. Defendant appeals from the judgment; also from an order refusing a change of venue; also from an order refusing to set aside a default and vacate the judgment, because taken against him through surprise, excusable neglect, etc.

The motion for change of venue was on the ground that defendant resided in a county other than the one in which the action was commenced; and *perhaps* the denial of the motion may be sustained on the very technical ground that the notice and demand state that "defendant is a resident of" and "resides in" the other county, instead of stating, in the language of the code, that he so resided "at the commencement of the action."

It is possible, also, that on the record before us the ruling of the court denying the motion to open the default cannot be reached, although that denial seems to have been somewhat harsh, because while the defendant resided in Amador County, and his attorneys in Sacramento (the cause being pending in Fresno), the motion for change of venue and a demurrer to the complaint were denied and overruled on September 20th, in the absence of defendant and his attorneys; no leave to answer was given; default was entered the next day, and final judgment was entered on the 23d. It is not necessary, however, to thoroughly examine these questions, because, in our opinion, the judgment itself should be reversed for want of jurisdiction.

The action was commenced in the superior court of Fresno County. The complaint sets forth a written contract between plaintiff as vendor and defendant as vendee for the sale and purchase of certain lands situated in the county of Tulare, and avers facts showing plaintiff's right to enforce and foreclose a lien upon said lands for the purchase-money. The prayer of the complaint, as originally filed, did not ask, in terms, for a foreclosure of the lien, but a short time afterwards, and while an amendment could be made as a matter of right, the plaintiff amended the prayer of the complaint so as to make it ask expressly for a foreclosure of the lien, and the judgment forecloses said lien, and decrees the sale of said lands. The action, therefore, is an action to enforce a lien upon real property; and the constitution provides that " all actions for . . . . the enforcement of liens upon real estate shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions is situated." The superior court of Fresno had therefore no jurisdiction over the case, and no authority to enter the judgment. We do not just now recall any case where this point has been directly decided by this court, although in *Gurnee* v. *Superior*

*Court*, 58 Cal. 88, the law is clearly assumed to be as above stated; but we are fully satisfied, upon principle, that no court has jurisdiction to entertain an action like the one at bar unless it has been commenced in the county where the land is situated.

The judgment is reversed, with directions to the superior court to dismiss the action.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.