[Nos. 13483, 14231. In Bank. — May 4, 1892.]

## JOHN A. FRITTS, RESPONDENT, v. JAMES CAMP ET AL., APPELLANTS.

VENUE OF ACTION — QUIETING TITLE — INJUNCTION AGAINST MINING DÉBRIS — ADVERSE CLAIM OF EASEMENT. — An action to enjoin the defendants from dumping mining *débris* into a creek above the plaintiff's land, to his injury, under an adverse claim of an easement to flow and deposit the *débris* upon the plaintiff's premises, which the complaint alleges to be without right, and which the answer seeks to justify, is in effect an action to quiet the plaintiff's title as against the defendants' claim of the easement, within the meaning of section 5 of article VI. of the constitution, requiring actions to quiet title to real estate to be commenced in the county in which the real estate, or any part thereof affected by the action, is situated.

ID. — CHANGE OF VENUE — AFFIDAVIT OF MERITS — SECOND MOTION — WAIVER. — In an action to quiet title to land, upon the supposition that it is proper to move for a change of venue on the ground that the land is situated outside of the county in which the action is brought, it is incumbent upon the court to transfer the cause to the proper county upon a mere suggestion, and no affidavit of merits is necessary; nor does a failure to appeal from a first order denying a motion for such change,

for want of an affidavit of merits, constitute a waiver of right to move again for the transfer of the cause to the proper county.

ID. — JURISDICTION — WAIVER — DISMISSAL OF ACTION. — Where one of the purposes of an action is to quiet an adverse claim to real estate, the action must be originally brought in the county where the land is situated; and where the action is brought in a court outside of such county, the court has no jurisdiction over the case, and this is an objection which cannot be waived, but the action should be dismissed for want of jurisdiction.

APPEAL from an order of the Superior Court of Del Norte County denying a change of venue, and an appeal from a judgment and from an order denying a new trial.

The facts are stated in the opinion.

*Lucas & Miller, Knight & Heggerty, J. S. Beard,* and *Gillis & Tapscott,* for Appellants.

*L. F. Cooper,* and *Sawyer & Burnett,* for Respondent.

TEMPLE, C. — There are two appeals in this case, both taken by the defendants. The first is from an order refusing to change the place of trial from Del Norte County to Siskiyou; the second, from a final judgment in favor of the plaintiff, and an order refusing defendants' motion for a new trial. As we have reached the conclusion that the case must be dismissed, it is not necessary to consider the appeals separately.

The action was brought in Del Norte County to enjoin the defendants from dumping into Indian Creek, above plaintiff's premises, tailings, bowlders, stones, sand, gravel, or clay from mineral lands, whereby they foul the waters of the creek, fill up his mill-dam, deprive him of water to irrigate his garden, stop his saw-mill from running, and destroy other lands along said creek, to his damage, etc.

Plaintiff charges that " since the discovery of gold on this creek, over thirty years ago, mining has always been carried on on said stream; but until the commencement of hydraulic mining on said stream on a large scale by the defendants, as hereinafter stated, the said Indian

Creek, in crossing the premises of plaintiff, ran on a hard rock bottom."

The manner of conducting hydraulic mines is then shown, and that by such process "refuse matter, consisting of bowlders, stones, pebbles, sand, and clay, generally known as tailings or mineral *débris*, is washed into and down said Indian Creek, and deposited in the beds and channels thereof throughout its entire length, below the defendants' mine and on the lands of plaintiff and in his mill-dam; and that this mode of mining has been carried on to some extent on the premises now owned and occupied by defendants for over ten years."

The concluding allegation of the complaint is as follows: "And plaintiff avers that the defendants refuse to discontinue said wrongful and injurious acts, and they and each of them threaten and intend to prosecute their mining works at the point where they are now working the same as hereinbefore described, and to dump and discharge the *débris* from their mine into the said Indian Creek in the manner they have heretofore done as hereinbefore alleged, and they claim adversely to this plaintiff an easement to flow and deposit upon plaintiff's premises, and in said creek running through the same, their tailings or mining *débris;* whereas plaintiff alleges that none of the defendants possess any or either of the rights or easements so claimed; and that all such pretenses are contrary to law and equity, and to the wrong and injury of plaintiff."

The complaint also shows that the lands of plaintiff to which the action relates are situated wholly in Siskiyou County.

The defendants answered, denying, among other allegations of the complaint, those which appear to show title in the plaintiff to the lands in question, averring that the lands are mineral lands of the United States which have been and are excluded from sale as agricultural lands, or for agricultural purposes; that by permission of the government, mining has been carried on and tailings dumped in the creek for

more than thirty years, and by the defendants Camp and Titus since 1871; that in 1877 defendant Camp received a patent from the United States for his mining claim, which granted to him the right and easement of dumping into said Indian Creek and on the lands of said government; that all the sluicing, washing, and dumping into said creek by the defendants, any or either of them, was reasonable and necessary for working said mine.

They deny the alleged injury or their threats to continue the same; and also deny " that none of the defendants possess the rights and easements to flow and deposit their tailings and mining *débris* into said creek."

We have here, therefore, a distinct averment in the complaint that the defendants claim, and each of them claims, adversely to the plaintiff, an interest in the land, to wit, an easement to flow and deposit upon it tailings and mining *débris*. This claim of an easement plaintiff disputes.

The judgment asked by plaintiff would be conclusive that they have no such easement. In their answer, they justify the alleged trespasses under the claim of an easement.

Looking now to the findings, we see that the court found upon this issue. In finding 10 we have: " I find that said defendants claim adversely to the plaintiff herein an easement and right to flow and deposit upon plaintiff's premises and in said Indian Creek, running through the same, the tailings or mining *débris* from the said Classic Hill placer mine; and I find that neither all or any of said defendants have any such right or easement."

In finding 16 it is found that there are no mining customs, rules, or regulations " to allow any one to flood the premises of another with mining *débris*," and in finding 17, " that the United States never conveyed to the defendant James Camp an easement to dump and drain the mining *débris* from the Classic Hill placer mine into either said Indian Creek, or on or over the

premises since settled and claimed by the plaintiff as a homestead."

Thus the plaintiff, in his complaint, avers that the defendants claim adversely to him an easement in his land and in the creek to do the acts charged as trespasses, which claim of easement he denies, and he asks a judgment which would in effect quiet his title as against the claim.

The defendants, in their answer, justify the alleged trespasses under the claim of an easement, and the court found against them, and by granting a perpetual injunction, preventing them from the enjoyment of the easement, quieted plaintiff's title as against their claim.

In section 5 of article VI. of the constitution of this state, it is provided, as to superior courts, that their process shall extend to all parts of this state; "provided that all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate shall be commenced in the county in which the real estate, or any part thereof affected by such action or actions, is situated."

If our reasoning so far is correct, it must be apparent, without further argument, that this case is one which, under the constitution, should have been commenced in the county where the land is situated, to wit, in Siskiyou County.

Summons was issued in the action November, 1888, and on the twenty-second day of December following, the defendants appeared and filed a demurrer to the complaint, and with it a demand that the place of trial be changed to Siskiyou County.

March 14, 1889, the court denied this motion, on the ground that no affidavit of merits was filed. No such affidavit was required. On the contrary, if that was the proper remedy of defendants, it was incumbent upon the court to transfer the cause upon a mere suggestion.

No appeal, however, was taken from this order, and on May 20th of the same year, the defendants renewed their demand. This was also denied, and from the order, as

well as from the judgment and order refusing a new trial, the defendants have appealed.

Admitting that the proper remedy of the defendants was to have the case transferred to Siskiyou, the failure to appeal from the first order was not a waiver. This is not one of the cases contemplated by section 396 of the Code of Civil Procedure. Under the supposition made, all that the court could do would have been to transmit the papers to the only court that had jurisdiction.

But we do not think that was the proper remedy of defendants. The court had no jurisdiction, and this is an objection which cannot be waived. We see very plainly how great inconvenience may result, but the requirement of the organic law is plain, and cannot be judicially repealed. Where such questions are brought in after the suit has been commenced, or arise incidentally, there is room for argument. But where, as here, one avowed purpose of the action is to quiet an adverse claim to real estate, courts outside of the county in which the land is situated have no jurisdiction. It is so held in *Urton* v. *Woolsey*, 87 Cal. 38.

We advise that the judgment and order be reversed and the action dismissed, and that the appeal from the order refusing to change the place of trial be also dismissed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and the action dismissed, and the appeal from the order refusing to change the place of trial is also dismissed.