[No. 18296. Department One.—October 2, 1894.]

JOHN W. ROGERS, Respondent, *v.* FRANK P. CADY, Sheriff, etc., et al., Appellants.

Judicial Notice—Situation of Lands—Description by Reference to Government Survey.—The county in which lands, described in a complaint by section, township, and range of the United States government survey, are situated is a matter within the judicial knowledge of the court, and is to be determined by it in the same manner as a legal proposition, and cannot be made an issue between the parties to be determined by the court in each case upon conflicting evidence presented in that case.

Id.—Foreclosure of Mortgage—Judgment—Erroneous Recital—Estoppel—Jurisdiction.—A judgment foreclosing a mortgage of lands which particularly describes the mortgaged premises by reference to the section, township, and range of the government survey, and which further erroneously recites that such lands are situated in the county in which the foreclosure action was brought, does not estop the judgment debtor from asserting that the mortgaged premises are situated in another county, and that the court was without jurisdiction to render such judgment.

Id.—Particular Description.—In construing such judgment, the erroneous recital as to the county in which the lands are situated must yield to the particular description with reference to the government survey.

ID.—VENUE—VOID JUDGMENT.—Under section 5 of article VI of the constitution an action for the foreclosure of a mortgage of lands must be commenced in the county in which the mortgaged premises, or some part thereof, are situated, and, if commenced in another county, the judgment rendered therein is without jurisdiction and void.

APPEAL from a judgment of the Superior Court of Lassen County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Shinn & Shinn,* and *S. Solon Holl,* for Appellants.

*Spencer & Raker,* for Respondent.

HARRISON, J.—In 1884 the plaintiff executed to one Stanton a mortgage upon certain lands which are situate ·in Shasta county, but which were described in the mortgage as being in Lassen county, and the mortgage was recorded in Lassen county. In 1889 an action was commenced in Lassen ·county by the defendant Russell, as administrator of Stanton, to foreclose the mortgage, and in the complaint in this action the property sought to be foreclosed was described as follows: "The southeast quarter of northwest quarter, and lots 1 and 2 in section 31, township 37 north, range 6 east, Mount Diablo base and meridian, containing 116 $\frac{97}{100}$ acres, according to government surveys." Service of. the summons was had upon the defendant in the action (plaintiff herein), and upon his failure to appear or answer the complaint his default was entered, and judgment rendered August 26, 1889, foreclosing the mortgage and directing a sale of the premises by the sheriff of Lassen county. An order of sale was issued upon this judgment October 5, 1892, by virtue of which the defendant Cady, as sheriff of Lassen county, was proceeding to sell the premises, when the plaintiff instituted the present action to enjoin him from making such sale. The case was tried by the court, and judgment rendered in favor of the plaintiff as prayed for. A motion for a new trial was made and denied, and the defendant has appealed from both the judgment and order. It is urged in support of the

appeal that by the judgment in the foreclosure suit it was determined that the mortgaged premises are situated in Lassen county, and that by reason of this judgment the plaintiff herein is estopped from showing that said premises are not situated in that county.

The lands affected by the foreclosure proceedings are clearly and distinctly described in the complaint therein, and in the judgment by reference to the section and township of the government survey. The plaintiff was not required to introduce any evidence at the trial in support of his averment that these lands are situated in Shasta county. The county in which lands so described are situated is a matter within the judicial knowledge of the court, and is to be determined by it in the same manner as a legal proposition, and cannot be made an "issue" between the parties to be determined by the court in each case upon conflicting evidence presented in that case. For the purpose of informing itself, the court might inquire of others, or refer to books or documents, or any other source of information which it might deem authentic, but its action in this respect is not a part of the trial of issues in the action. Matters of which a court takes judicial knowledge are uniform and fixed, and do not depend upon uncertain testimony; and the failure or refusal of a trial court to take such notice does not prevent the appellate court from giving proper effect thereto. (See *Hunter* v. *New York etc. R. R. Co.*, 116 N. Y. 615.)

Every court, by virtue of its organization, takes judicial knowledge of the extent and boundaries of the territory within which it can exercise jurisdiction, as well as the subject matter over which jurisdiction has been conferred upon it. Section 1875 of the Code of Civil Procedure declares: " Courts take judicial notice of the following facts: . . . . 2. Whatever is established by law; 3. Public and private official acts of the legislative, executive, and judicial departments of this state, and of the United States."

The boundaries of Lassen county are "established by

law" (Pol. Code, sec. 3912); and the government sur-
veys of the public lands are "public, official acts of the
executive department of the United States," and are
matters of official record.   It was therefore a matter for
the court to determine, either from the personal knowl-
edge of the judge, or from an examination by him of
those records, whether any of the sections in township
37 north, range 6 east, Mount Diablo meridian, were
situated in Lassen county or not.   (*Smither* v. *Flournoy*,
47 Ala. 348; *Devine* v. *Burleson*, 35 Neb. 238; *People* v.
*Wood*, 131 N. Y. 617; *Faekler* v. *Wright*, 86 Cal. 210;
*Cole* v. *Segraves*, 88 Cal. 103.)

The judgment in the foreclosure proceedings did not
estop the plaintiff herein from asserting that the mort-
gaged premises are situated in Shasta county.   That
judgment merely declared that the plaintiff herein had
mortgaged "the southeast quarter of northwest quarter,
and lots 1 and 2 in section 31, township 37 north, range
6 east, Mount Diablo base and meridian, containing
$116\frac{97}{100}$ acres, according to government surveys."   In
view of the fact that the court below, as well as this
court, takes judicial knowledge that these sections are
not within Lassen county, the further recital in the
judgment that they are "situated in the county of Las-
sen," may be likened to a false call in a deed of convey-
ance.   The lands which the court adjudged had been
mortgaged were the designated sections, and the further
inconsistent declaration by it that they are situated in
Lassen county must yield to the determination of their
particular situation.

Even if the language used by the court could be re-
garded as an express adjudication that the lands are
within Lassen county, it would not estop the plaintiff
from asserting that the court was without jurisdiction
to render such judgment.   The judgment of a court
may always be impeached for want of jurisdiction, and
when the judgment is upon a subject matter over which
the court could, under no circumstances, have any juris-
diction, the objection may be taken at any time when

such judgment is invoked. A judgment of one of the former district courts in this state, admitting a will to probate, or a judgment of one of the present superior courts in this state, convicting a person of smuggling or enjoining a defendant from infringing a copyright, would have no validity under any circumstances, for the reason that the subject matter of such judgment was never within the jurisdiction of the court. There is no occasion in the present case to invoke a presumption of jurisdiction from the fact of its exercise. The want of jurisdiction appears upon the face of the judgment. By section 5 of article VI of the constitution an action for the foreclosure of a mortgage upon lands in Shasta county could not be commenced in the superior court of Lassen county, and when it appeared from the description of the lands set forth in the complaint that they were not within Lassen county, the proceeding should have been dismissed. (*Fritts* v. *Camp*, 94 Cal. 393.) A court cannot, by any decision that it may make, either implied or direct, acquire jurisdiction over a subject matter that has been denied to it by the constitution, and whenever it appears upon the face of a judgment that it was rendered upon a subject over which the court could have no jurisdiction such judgment has no validity. The constitution has denied to the superior court of Lassen county any jurisdiction over the subject matter of the foreclosure proceedings, and as that court never had any jurisdiction to entertain the action, its determination upon any question arising in this proceeding cannot have any authority. There are certain cases in which the jurisdiction of a court depends upon the existence of some *quasi* jurisdictional fact necessary to be proven in order to authorize the court to act, and which it must itself determine from evidence before it can have jurisdiction to determine the controversy. *Brittain* v. *Kinnaird*, 1 Brod. & B. 432, is a leading illustration of this principle; and in *Noble* v. *Union River Logging R. R. Co.*, 147 U. S. 174, may be found reference to a number of cases of the same character;

but the present case does not fall within this principle, for the reason that, as above seen, there was no question of fact to be determined by the trial court. When the subject matter upon which the jurisdiction of a court rests is limited by the constitution the court looks to that instrument for its jurisdiction, and cannot, by its mere decision, acquire jurisdiction over a matter therein denied to it.

The plaintiff herein did not take any step in the foreclosure proceedings which could be regarded as an estoppel on his part, or a waiver of his right to object to the jurisdiction of the court. The first step taken by him was to make this objection, and he made it as soon as the plaintiff attempted to enforce the judgment. As the plaintiff did not attempt to enforce the judgment until more than three years had elapsed after its entry he ought not to complain if, in the mean time, he has lost any rights by reason of his inaction.

The judgment and order are affirmed.

VAN FLEET, J., and GAROUTTE, J., concurred.