MILLER et al. v. KERN COUNTY LAND COMPANY.

S. F. No. 2014; September 17, 1902.

70 Pac. 183.

Quieting Title—Venue.—The Answer, as Well as the Complaint, may be looked to, to determine whether the action is one to quiet title—that is, to determine the right to an easement—within constitution, article 6, section 5, requiring actions to quiet title to real estate to be brought in the county in which the land is situated.

APPEAL from Superior Court, City and County of San Francisco; Edw. A. Belcher, Judge.

Action by Miller & Lux against the Kern County Land Company. From an order, refusing change of venue, defendant appeals. Remanded, with direction to dismiss.

Charles W. Willard, Page, McCutchen & Eells and Page, McCutchen, Harding & Knight for appellant; Houghton & Houghton, E. B. & Geo. H. Mastick and W. B. Treadwell for respondent.

TEMPLE, J.—This is an appeal from an order refusing to grant a change of venue on the ground of the convenience of witnesses. Both parties are corporations which have their principal places of business in San Francisco, where the suit was brought. The action was to recover damages for injury to real property situate in Kern county. A former motion for a change of venue was made, based on section 392 of the Code of Civil Procedure, which provides that actions for injuries to real property must be tried in the county where the land is situated. An order denying a change of venue was affirmed here, on the ground that section 16, article 12, of the constitution denied a defendant corporation that right

in such actions: 134 Cal. 586, 66 Pac. 856. The complaint shows that plaintiff had constructed and was maintaining a canal over land belonging to the defendant, which defendant, as is alleged, wrongfully obstructed, to the damage of plaintiff in the sum of $25,000. Instead of directly averring that it owns an easement over the land of defendant, plaintiff states in its complaint a great many facts and circumstances from which it is supposed the right to such an easement must necessarily follow. The answer admits the obstruction charged of the canal or ditch, but denies the easement and the facts alleged upon which plaintiff's claim is founded, as also the damages. This leaves the principal issue whether plaintiff has such easement. The affidavits upon which the change of venue is asked, and also those offered by plaintiff in opposition to the motion, show very clearly that in the opinion of both parties the only real question to be tried is whether plaintiff has such easement. The case is brought within the decisions in Fritts v. Camp, 94 Cal. 393, 29 Pac. 867, and Pacific Yacht Club v. Sausalito Bay Water Co., 98 Cal. 487, 33 Pac. 322, except that in those cases the complaint showed expressly that the action was brought to quiet title to real estate, to wit, to determine the right to an easement, while that such will be the effect of a judgment in this case appears only after answer. Upon this point respondent's counsel contends that on the question of jurisdiction the court can only look at the complaint. The constitution only prohibits the bringing of suits to quiet title in counties other than where the land is situated. If the complaint does not show that the action is of that character, it was properly commenced, and the defendant cannot, by the nature of his defense, cause it to be decided that the action was wrongly brought. This is a very narrow construction of the constitutional provision, and under which the rule could be systematically evaded. An action for a trespass is a very common and easy method of trying title to real estate, and could often be substituted for an action to quiet title, at the option of a plaintiff. The provision is jurisdictional, as was held in the case of Urton v. Woolsey, 87 Cal. 38, 25 Pac. 154. Whenever this point is made to appear, therefore, it is shown that the court has no jurisdiction of the action, and must dismiss it. This must be so whenever it clearly appears that the purpose of bringing the action was, in

whole or in part, to determine a disputed right to real estate. Some of the inconveniences which may result from such a rule are quite obvious; but the people have seen fit, in the very clause of the constitution which defines the jurisdiction of the superior court, to impose this limitation, and the courts cannot disregard it, or allow it to be evaded. It might have been provided that such action should be sent to the proper county for trial, but a different mode was adopted.

Counsel contend that this matter was disposed of on the former appeal, which has been mentioned. But the question was not, and could not have been, raised on that appeal.

The cause is remanded, with directions to the superior court to dismiss the action.

We concur: Henshaw, J.; McFarland, J.