[Civ. No. 168. Third Appellate District.—February 24, 1906.]

## GEORGE N. MERRITT, Appellant, v. TRINITY COUNTY, Respondent.

BOUNDARY OF COUNTY—SITUATION OF LAND—JUDICIAL NOTICE.—The boundary lines of Trinity county are fixed by law, and in an action to recover taxes levied by that county on land, on the ground that it was not situated within that county, the court, in the absence of evidence as to the situs of the land, must take judicial notice of its situation either within or without the county limits.

APPEAL from a judgment of the Superior Court of Trinity County. A. I. McSorley, Judge, Presiding.

The facts are stated in the opinion of the court.

Hudson Grant, for Appellant.

H. R. Given, and D. J. Hall, for Respondent.

BUCKLES, J.—This is an action to recover taxes which the plaintiff claims were illegally assessed and collected in Trinity county; the lands, on which the said taxes were levied and collected, as plaintiff claims, are not located within the boundary lines of Trinity county. The answer denies, and also alleges, that the said taxes were properly due to the county of Trinity. The taxes were paid under written protest, and all allegations of the complaint were admitted, except as to the land not being in Trinity county. At the trial the plaintiff offered no evidence tending to show that the land taxed was not in Trinity county, but moved the court to take judicial notice of the location of said lands and to determine of its judicial knowledge and without evidence offered by plaintiff that the said lands were not in Trinity county. The plaintiff then rested his case, whereupon the defendant moved for a nonsuit, which the court granted (without prejudice) and refused to determine the location of the said lands of its judicial knowledge. The appeal is from the judgment of nonsuit.

The bill of exceptions sets forth: "That the court refused to determine the location of said lands, of its judicial knowledge and without evidence introduced by plaintiff, for the reason that it appeared to the court from the records on file in the county clerk, auditor, and recorder's office of Trinity county, California (none of which records or files were introduced in evidence), and by the admission of counsel that the lands described in plaintiff's complaint, as amended, are situated between two surveyed lines, each of said lines purporting to be the true boundary line between Trinity and Mendocino counties, the plaintiff claiming that the most northerly of said two surveyed lines (made in 1891) is the true boundary line between said counties of Trinity and Mendocino, and the defendant claiming that the most southerly of the two surveys, the one made in 1872, is the true boundary line between said counties." The land is described in the complaint as sections and parts of sections and as all being in township 5 south, range 6 and 7 east, Humboldt meridian, according to government survey. Trinity county lies

directly north of Mendocino county, and section 3918 of the Political Code defines the boundaries of Mendocino county making the fortieth parallel north latitude the northern boundary, while section 3919 of the Political Code makes the same line the southern boundary line of Trinity county. The only question in the appeal is: Did the court err in refusing to determine by that class of evidence known as "judicial knowledge," the county in which the said land is located?

Under the authority of Rogers v. Cady, 104 Cal. 288, [43 Am. St. Rep. 100, 38 Pac. 81], we are compelled to hold that the question of the situs of the land as to the county in which it is located is one of which the trial court must take judicial notice, and the refusal thereof was reversible error. The boundary line between Trinity and Mendocino counties is fixed by law. Sections 3918, 3919 of the Political Code, or the survey made under the provisions of Political Code, sections 3869, 3872, and the surveys by the surveyor general are public and official acts (under direction and sanction of law) of the executive department of the state government; and the government surveys of the public lands are the public and official acts of the executive department of the United States government and are both matters of official record. And as held in Rogers v. Cady, supra: "It was therefore a matter for the court to determine, either from the personal knowledge of the judge or from an examination by him of those records," whether the said land was in Trinity county. The supreme court further said in that case, "for the purpose of informing itself, the court might inquire of others, or refer to books or documents, or any other source of information which it might deem authentic, but its action in this respect is no part of the trial of issues in the action."

On the authority of Rogers v. Cady, supra, the judgment is reversed, and the case remanded.

Chipman, P. J., and McLaughlin, J., concurred.