[Civ. No. 6584. Third Dist.—June 9, 1941.]

ARTHUR C. VAUGHAN et al., Respondents, v. MINNIE ROBERTS et al., Appellants.

Paul M. Joseph for Appellants.

Arthur C. Vaughan, *in pro. per.*, and W. W. Comstock for Respondents.

THOMPSON, J.—The defendants Minnie Roberts and L. B. Miller, as trustee, have appealed from a judgment cancelling a trust deed and note secured thereby on the grounds that the instruments were neither properly executed nor delivered. The judgment quiets title to the real property in plaintiffs and determines upon an accounting that plaintiffs are not indebted to the defendants. It was also held that no damages accrued to plaintiffs on account of the transaction. The appeal is presented on the judgment roll only. The evidence is not before this court.

The suit grew out of a written contract with the defendants, as agents for United Kingdom Mercantile & Finance Corporation, Limited, of London, to finance a proposed marble quarry enterprise in connection with real property in San

Bernardino County, belonging to plaintiffs. The suit was brought in Los Angeles, where the defendants reside. The corporation agreed to loan the quarry company $750,000 by the sale of 7,500 debenture bonds bearing 4½ per cent interest, of the par value of $100 each, to mature in sixty years. The corporation was to receive 5 per cent on the par value of the bonds as promotion fees, and the additional sum of $3,750 as an advance premium for the loan. The defendants separately agreed to advance plaintiffs the sum of $3,000 to pay the expenses of Arthur C. Vaughan on a trip to England to consummate the loan. They actually paid plaintiffs $2,850 for that purpose, agreeing that if the negotiation for the loan failed the expenses would be defrayed by the defendants. Arthur C. Vaughan went to England and expended the entire sum of $2,850 in expenses therefor. He failed to obtain the loan from the corporation. It is alleged he discovered that the corporation officers were ''racketeers and fakers'' and that they ''had been convicted of a conspiracy to swindle and defraud'' investors.

The plaintiffs own the real estate in San Bernardino County, which is involved in this action, as community property. Before leaving for England, Mr. Vaughan signed a promissory note, dated March 8, 1938, payable to Minnie Roberts in four months therefrom, at 7 per cent interest per annum, and also executed a trust deed on the real property in question, as security therefor. Mrs. Vaughan neither signed the note and trust deed nor authorized her signature to be attached to those instruments. Her name does not appear on either of the documents. The amount for which the note was to be executed was left blank in both the note and the deed of trust. The note and deed were left with L. B. Miller, who was named as trustee thereof, with the agreement that they were not to be delivered or recorded, but on the contrary, that when the loan was procured in England the aggregate sum of the ascertained advanced premium plus the money advanced to Mr. Vaughan as expenses was to be entered in the note and deed of trust, and that the instruments should then be held in escrow by Mr. Miller. Mr. Vaughan did obtain an offer from another English financing company called the General Accident Fire and Life Assurance Corporation of Perth and London, for a similar loan,

based on an advanced premium therefor of the sum of $6,100. He promptly notified the defendants by cablegram that their proposed loan had failed but that he had procured another loan on his own initiative. The defendants then arbitrarily entered in the note and deed of trust, contrary to their agreement, the principal sum of $17,500, without the authorization or knowledge of the plaintiffs, and thereupon recorded the deed. The recording of the deed purported to create a lien on the real property, and prevent plaintiffs from consummating their loan from the last-mentioned Assurance Corporation.

Upon the return of Mr. Vaughan from England he promptly demanded of the defendants a cancellation of the note and trust deed and a reconveyance of the property, which were refused. Notice of rescission of the contract was also given. This suit was then commenced.

Defendants moved to dismiss the action under article VI, section 5 of the California Constitution, and section 392 of the Code of Civil Procedure, on the ground that the Los Angeles court was without jurisdiction to try the cause involving the quieting of title to real property in San Bernardino County. That motion was denied.

The amended complaint is couched in five counts. In effect, the first cause of action is a suit to cancel the note and deed of trust and incidentally to quiet title to the real property affected thereby on the grounds that the consideration therefor failed and that the instruments are void because they were neither properly executed nor delivered. That cause also appears to seek rescission of the contract for financing the marble quarry enterprise, an accounting and determination that plaintiffs owe defendants nothing, and for declaratory relief with regard to the rights of the respective parties under the contract, note and trust deed. The second count seeks damages on account of the breach of contract in the sum of $200 a day, aggregating $19,200, and also asks for judgment to the effect that plaintiffs owe defendants nothing on account of the $2,850 advanced to them as expenses of the trip to England. The third count seeks further damages in the sum of $11,600 because of the wrongful insertion of the sum of $17,500 in the note and trust deed and for clouding the title to the real property by recording the deed. The fourth count seeks cancellation of the note on the ground

that the amount of $17,500, wrongfully inserted therein by the defendants, constitutes usurious interest which renders it void. The fifth cause seeks to cancel the note and deed of trust under section 172a of the Civil Code on the ground that Mrs. Vaughan did not sign or authorize her signature to be attached to either the note or trust deed on the community real property. The prayer of the amended complaint is in accordance with the foregoing statement of issues. It also asks for further relief.

The trial court adopted findings favorable to the plaintiffs on all of the material issues. As conclusions of law the court found that plaintiffs were entitled to declaratory relief under section 1060 of the Code of Civil Procedure; that the real estate is the community property of plaintiffs and neither the note nor trust deed was signed or authorized to be signed by Mrs. Vaughan; that neither the note nor trust deed was completed or delivered by plaintiffs; that both the note and trust deed are void; that the note provided for usurious interest; that none of the defendants has any right, title or interest in the real property and should be enjoined from claiming any such interest, and that plaintiffs are not indebted to the defendants or any of them in any sum whatever. Judgment was rendered accordingly. From that judgment this appeal was perfected.

The appellants contend that the Los Angeles court was without jurisdiction to try or determine the cause of action as provided by article VI, section 5, of the California Constitution, because the amended complaint seeks to quiet title to real property in San Bernardino County; that the complaint fails to state a cause of action; that the findings are irreconcilably conflicting and indefinite; that the real estate is the separate property of Arthur C. Vaughan and that the failure of his wife to join in the execution of the note and deed of trust furnishes no right to set them aside on that account.

Since the evidence is not before this court we must assume it adequately supports all of the facts found by the court to be true.

The motion to dismiss the action for lack of jurisdiction was properly denied. Considering the pleadings as a whole, it appears that the principal cause of action is a suit to can-

cel the note and deed of trust as void for the reason that there was a failure of consideration and because they were never properly executed or delivered. The decree quieting title to the real property was merely incidental to the chief issue of the validity of the instruments. The real question at issue in this case is: Do the plaintiffs owe the purported debt represented by the promissory note? If they do not, then the trust deed could not create a lien on the real property to secure its payment and a decree quieting title would be needless. The question regarding the debt represented by the note involves a purely personal obligation. Moreover, the complaint contains a separate cause for rescission of the contract, another count for personal damages for breach of the contract, and for clouding the title to real property and a cause for declaratory relief. Under such circumstances the action must be deemed to be transitory and properly maintainable in the county where the defendants reside.

Article VI, section 5 of the Constitution, limiting the jurisdiction of courts under specified circumstances to the counties in which the real estate involved is situated, reads in part:

"All actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated."

Pursuant to the foregoing constitutional provision, section 392 of the Code of Civil Procedure similarly confers jurisdiction upon courts in the county in which the real property, which is the subject of the action, is situated, in partition suits, foreclosure of mortgages and other liens on real property, and in suits to recover possession of the property or an interest therein, to determine, in any form, the rights or interests in such property and for injuries thereto.

It has been held that courts in counties in which the real property is situated, have exclusive jurisdiction of actions instituted *for the sole purpose* of recovering possession, quieting title or enforcing liens thereon, and that such suits which have been commenced in the wrong county may not be transferred to another county, but must be dismissed. Such actions are not transitory. (*Urton* v. *Woolsey*, 87 Cal. 38 [25 Pac. 154]; *State* v. *Royal Consolidated Min. Co.*, 187 Cal. 343 [202 Pac. 133]; *Fritts* v. *Camp*, 94 Cal. 393 [29 Pac. 867];

*Rogers* v. *Cady,* 104 Cal. 288 [38 Pac. 81, 43 Am. St. Rep. 100] ; 27 R. C. L. 792, sec. 14; 27 Cal. Law Rev. 469.) ▪ An objection to the jurisdiction of the court may be raised for the first time on appeal. The jurisdiction of a court cannot be conferred contrary to the statute even by stipulation of the parties. (Sec. 434, Code Civ. Proc.; *Emery* v. *Pacific Employers Ins. Co.,* 8 Cal. (2d) 663 [67 Pac. (2d) 1046].) In the present case the appellants moved the trial court 'to dismiss the action on the ground of lack of jurisdiction.

In construing article VI, section 5 of the Constitution, and section 392 of the Code of Civil Procedure, the reviewing courts of California have frequently determined that an action is transitory and that the court of the county where the defendants, or some of them, reside, has jurisdiction to try the cause when the suit for possession of real property, or to quiet title thereto, or to enforce liens thereon, is joined in good faith with another cause involving personal obligations. (*Turlock Theatre Co.* v. *Laws,* 12 Cal. (2d) 573 [86 Pac. (2d) 345, 120 A. L. R. 786] ; *Howe* v. *Tucker,* 219 Cal. 193 [25 Pac. (2d) 832] ; *Bardwell* v. *Turner,* 219 Cal. 228 [25 Pac. (2d) 978] ; *Brown* v. *Happy Valley Fruit Growers, Inc.,* 206 Cal. 515, 523 [274 Pac. 977] ; *Sheeley* v. *Jones,* 192 Cal. 256 [219 Pac. 744] ; *Stesel* v. *Santa Ana R. Water Co.,* 35 Cal. App. (2d) 117 [94 Pac. (2d) 1052] ; 27 Cal. Law Rev. 468; 120 A. L. R. 790, note.) When a transitory action is joined with a suit involving real property, and it appears, from a consideration of the pleadings as a whole, that the principal cause stated in the complaint is transitory, the action involving real property being merely incidental thereto, the court of the county where the defendants reside has jurisdiction to try the case. (*Blackman* v. *Sherman,* 41 Cal. App. (2d) 20 [105 Pac. (2d) 1000] ; 22 Cal. Jur. 140, sec. 24; 27 R. C. L. 794, sec. 14.) In the text last cited it is said:

"An action . . . does not arise from any injury to real property, but is transitory, . . . [if it seeks] *to compel surrender for cancellation of a note and real estate mortgage securing it.* In fact, it may be said generally that if the right to land is an incident in an action personal, it may be tried" in the county in which the defendants or some of them reside.

The following California cases in which interests in real property were involved, coupled with other separate causes of action, support the preceding statement of the prevailing rule with respect to the proper place of trial under such circumstances: The case of *Smith* v. *Smith*, 88 Cal. 572 [26 Pac. 356], was a suit to rescind a deed of conveyance absolute on its face, which was joined with an action for an accounting. *White* v. *Adler*, 5 Cal. Unrep. 215 [42 Pac. 1070], was a suit to recover the balance of the purchase price of land, coupled with an action for reconveyance of the land. *Warner* v. *Warner*, 100 Cal. 11 [34 Pac. 523], was a suit to set aside a fraudulent conveyance of land, united with an action for divorce and a demand for a division of community property. *Turlock Theatre Co.* v. *Laws*, supra, was a suit for accounting for unpaid rent joined with an action for possession and a prayer for quieting title to land. *Taaffe* v. *Bloch*, 127 Cal. App. 678 [16 Pac. (2d) 303], was a suit to foreclose a mechanic's lien, joined with an action for the reasonable value of work and materials furnished. In that case the second cause of action was dismissed, and the court therefore reversed the judgment. In the case of *Howe* v. *Tucker*, *supra*, suit was brought to cancel a note secured by a trust deed, on the ground of fraud and undue influence, joined with an action to terminate a trust. The suit was brought in Del Norte County, where the land was situated. The defendant, who resided in Los Angeles, moved for a change of venue to the county in which he lived, which was refused. On the authority of *Jacobs* v. *C. H. Smith Lumber Co.*, 206 Cal. 128 [273 Pac. 571], the Supreme Court held that the Howe case was transitory, and reversed the judgment. In the present case the situation is reversed, but the principle is the same.

The case of *Urton* v. *Woolsey*, *supra*, upon which the appellants rely, was a suit to foreclose a vendor's lien on real property. No other cause of action was joined with that sole issue. The case of *Fritts* v. *Camp*, 94 Cal. 393 [29 Pac. 867], was essentially a suit to quiet title to real property. It sought to enjoin defendants from dumping debris upon the land of plaintiff under an alleged adverse claim to an easement, which right was dependent on the title to the land. The suit of *Rogers* v. *Cady*, 104 Cal. 288 [38 Pac. 81, 43 Am. St. Rep. 100], was a suit to foreclose a mortgage.

No other cause was united in that suit. The complaint erroneously alleged that the land was situated in a county other than the one in which it was actually located. The court merely held that the county in which the land was actually located was the proper place of trial. In *Booker* v. *Aitken*, 140 Cal. 471 [74 Pac. 11], a suit was brought to enforce a trust in real property. The only relief sought was to cancel a deed from a deceased person to the defendant on the ground that it was obtained by fraud and undue influence. The question of services claimed to have been performed by the defendant was held to be merely incidental to the issue of the validity of the deed. In the case of *Eck-strand* v. *Wilshusen*, 217 Cal. 380 [18 Pac. (2d) 931], the only relief sought by the complaint was to cancel a deed to real property on the ground of fraud. The motion for a change of venue was based solely on the prayer for general relief. The court said in that regard: "The principal basis for making the point is the prayer for general relief. But under the allegations of the complaint and in view of the particular relief sought we cannot give the prayer for general relief the significance sought to be accorded to it by the defendant." The case of *State* v. *Royal Consolidated Min. Co.*, *supra*, was a suit to recover possession of real property, under a deed to the state, after the property had been sold to the state for delinquent taxes. It also asked for judgment for rental collected by the former owner. The Supreme Court held that the amount of rental due was merely incidental to the right of possession. These cases are readily distinguishable from the previously cited ones in which it is held that when an action involving an interest in real property is joined in good faith with another cause which is transitory in its nature, the suit may be tried in the county where the defendant resides.

The test applied to determine whether a cause is transitory, where two or more are united in one complaint, is to ascertain from the pleading the character of judgment which may be rendered if the defendant fails to appear or answer the pleading. (*Eckstrand* v. *Wilshusen, supra.*) If the allegations intended to support a judgment in the nature of a personal obligation are merely incidental to the principal cause of action the entire proceeding is deemed to be local. But if the complaint sufficiently states a separate cause based

on a personal obligation, even though it be joined with a local action, the entire proceeding is deemed to be transitory and may be tried in the county where the defendant resides. Numerous counts united in one complaint often give the impression of a weakness of the cause of action or uncertainty on the part of the pleader, but the code authorizes the joining of several causes of action under specified circumstances. (Code Civ. Proc., sec. 427.) It is our duty to determine whether a separate transitory cause has been sufficiently stated to confer jurisdiction on the Los Angeles court where this cause was filed.

In the present case it appears that several transitory causes were united with the suit to cancel the note and mortgage and to quiet title to the real property. One of those causes, which is adequately alleged, is the demand for an accounting to determine whether plaintiffs are personally indebted to the defendants because of the $2,850 advanced to them for expenses on the journey to England. Upon that issue the court specifically found that plaintiffs are not indebted to the defendants on that account or otherwise. That one transitory cause of action would be sufficient to confer jurisdiction on the Los Angeles court, even though other causes may be deemed to be inadequately stated.

We are of the opinion the complaint states good causes of action: (1) To cancel the note and trust deed, (2) For declaratory relief in construing the contract for financing the quarry enterprise, (3) For damages for wrongfully clouding the title of the real property by arbitrarily inserting in the note and trust deed a sum of money not authorized by plaintiffs, and, (4) For an accounting to determine whether plaintiffs are indebted to the defendant on account of the money advanced as expenses to England, or otherwise. It would be an idle and arduous task to analyze the very lengthy and complicated complaint to demonstrate the sufficiency of the allegations of the several separate causes of action, but we are satisfied it contains statements adequate to support the foregoing causes.

Regarding the issue as to whether plaintiffs are indebted to defendants in the sum of $2,850, furnished as expenses to England, it is alleged the defendants agreed to and did advance to plaintiffs that sum of money as costs of the trip with the understanding that ''it would be their loss,

and not the loss of said plaintiffs'' if the loan was not consummated; that the entire sum was consumed as expenses; that the plaintiffs failed to procure the loan on account of the default of defendants, and that plaintiffs therefore owe defendants nothing on that account.

With respect to the separate cause of action for damages for wrongfully inserting in the note and trust deed the alleged consideration therefor, and recording the same, contrary to the express agreement of the parties, it is alleged the note and trust deed were signed by Arthur C. Vaughan and handed to Mr. Miller with the amount of consideration left blank; that the aggregate sum of the advance premium, together with the expense money received by plaintiff, was to be inserted in the instruments only in the event that the loan was procured, and not otherwise; that the loan was never procured on account of the failure of defendants to fulfill their agreement; that under no circumstances was the deed to be recorded, but that, contrary to their agreement, the defendants, nevertheless, wrongfully and arbitrarily inserted in the note and trust deed the sum of $17,500 and promptly recorded the instrument, clouding the title to the real property and thus preventing plaintiffs from procuring the loan which they had independently negotiated from another party, to the damage of plaintiffs in the sum of $17,500. That count seems to state a good cause of action for damages for wilfully and wrongfully clouding the title of plaintiffs' real property. It is immaterial that they alleged damages on that account in the exact sum which was inserted in the note and trust deed. The measure of damages on that account would be the amount of loss sustained which plaintiffs were able to prove on account of the wrongful clouding of the title of their real property. It is unimportant, so far as jurisdiction is concerned, that, upon the trial, the court found the plaintiffs were not damaged in the manner alleged. We may not say that cause was not stated in good faith.

There is no merit in appellants' contention that the complaint fails to state a cause of action for rescission of the note because plaintiffs did not offer to restore the $2,850 received as expenses to England, which was a part of the consideration for the note. The complaint does allege that the expense money was to be contributed by defendants in the event the loan was not procured from the United Kingdom

Mercantile & Finance Corporation. It was also alleged the application for the loan failed through the fault of defendants, and that the expense money therefore became no valid part of the consideration for the note. The court so found. There was therefore nothing for plaintiffs to restore. The authorities are uniform to the effect that one who seeks to cancel an instrument is not required, under section 1691 of the Civil Code, to restore, as a condition precedent to the maintenance of the action, that which in any event he would be entitled to retain. (*Matteson* v. *Wagoner,* 147 Cal. 739, 744 [82 Pac. 436]; 4 Cal. Jur. 768, sec. 9.) Moreover, a tender is not necessary when the conduct of the defendant is such as to indicate that it would be unavailing. (*Hoppin* v. *Munsey,* 185 Cal. 678, 685 [198 Pac. 398]; 4 Cal. Jur. 769, sec. 9.) It is quite evident in the present case that a tender on the part of plaintiffs would have been refused.

In view of our foregoing conclusions it is not necessary to pass upon the sufficiency of the allegations of other counts in the complaint.

■ The findings are not uncertain or irreconcilable. We are of the opinion they are sufficiently definite to support the judgment. Many specific findings of particular facts were adopted. Usually the court adopted separate findings with respect to designated paragraphs of each particular count of the amended complaint declaring that all of the allegations therein contained "are true". In a similar manner the court also referred to designated paragraphs of the answer, finding that the statements therein contained which are in conflict with the allegations of the complaint "are untrue". This form of adopting general findings has been held to be sufficient. (*Ferguson* v. *Koch,* 204 Cal. 342, 348 [268 Pac. 342, 58 A. L. R. 1176]; *Platnauer* v. *Forni,* 131 Cal. App. 393, 398 [21 Pac. (2d) 638]; 64 C. J. 1253, sec. 1100.)

■ It is a well-settled rule that findings should be construed to reconcile them, if reasonably possible, in support of the judgment. We find no difficulty in reconciling the findings in the present case. It is not necessary to adopt findings on immaterial issues. ■ One may not complain of a failure to adopt findings which, in view of the determined facts and the judgment, would necessarily be adverse to him. (24 Cal. Jur. 942, secs. 187, 188.)

 The court specifically found that the real estate which is involved in this suit is the community property of the plaintiffs, who are husband and wife. That finding is conclusive of that fact, since the evidence is not before this court. We must assume that finding is abundantly supported by the evidence.

 Since the court found as a conclusion of law that the land in question "was at all times material herein, and is now, the community property of Arthur C. Vaughan and Libbie L. Vaughan", it is immaterial that it is elsewhere alleged Mr. Vaughan acquired it "by placer location", or what the source of their title was. There is nothing to support appellants' contention that it was the separate property of Mr. Vaughan.

 The court also found that the note and trust deed were neither signed nor authorized to be signed by Mrs. Vaughan, and that the instruments which affect the title to real property were therefore void. We are of the opinion that is a correct conclusion of law under the circumstances of this case. Section 172a of the Civil Code provides in part:

"The wife, either personally or by duly authorized agent, must join with him [the husband] in executing any instrument by which such community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, *or encumbered.*"

It has been held that a conveyance of community real property by the husband, without the authorization of his wife, contrary to the provisions of section 172a of the Civil Code, is at least voidable in a suit by the wife during the marriage. (*Britton* v. *Hammell,* 4 Cal. (2d) 690 [52 Pac. (2d) 221]; Witkin's Summary of Cal. Law, p. 692.)

For the foregoing reasons the judgment is affirmed.

Pullen, P. J., and Tuttle, J., concurred.